**BEATLEY, APPELLANT, *v.* BOARD OF TRUSTEES OF OHIO STATE UNIVERSITY, APPELLEE.**

(No. 81AP-717—Decided March 4, 1982.)

*William L. Stehle Co., L.P.A.,* and *Mr. William L. Stehle,* for appellant.

*Messrs. Alexander, Ebinger, Fisher, McAlister & Lawrence* and *Mr. Brian L. Busby,* for appellee.

STRAUSBAUGH, J. This is an appeal by plaintiff-appellant, Janice C. Beatley, from a judgment in the Court of Common Pleas of Franklin County dismissing plaintiff's action for lack of jurisdiction.

The record indicates that, on April 22, 1981, plaintiff filed her complaint in the Court of Common Pleas of Franklin County alleging that in 1975, defendant-appellee, the Board of Trustees of Ohio State University, without approval of plaintiff or her predecessors in title, in violation of the statutes and powers of the state of Ohio, city of Columbus and county of Franklin, erected basketball courts next to plaintiff's property, erected a chain link fence within fourteen feet of the bay windows on the west side of plaintiff's house and opened the basketball courts for use for the general public, including some university students and people from all over the city of Columbus; that the defendant does not control the activities in any way, which activities occur seven days a week during all times of the day and night creating a nuisance, which causes physical and mental stress to plaintiff and loss of rents from her tenants, for which plaintiff demands a preliminary and permanent injunction and damages of $150,000.

Upon defendant's motion to dismiss, the court of common pleas dismissed plaintiff's complaint based upon *Brownfield* v. *State* (1980), 63 Ohio St. 2d 282 [17 O.O.3d 181], from which judgment this appeal is taken setting forth the following two assignments of error:

"1. The trial court erred in granting defendant's motion to dismiss for lack of jurisdiction and thus dismissing plaintiff's complaint.

1

"2. The trial court erred in not ruling for plaintiff on the issue of nuisance."

The state is not subject to suits in the courts of this state without the express consent of the General Assembly. *Raudabaugh* v. *Ohio* (1917), 96 Ohio St. 513, paragraph one of the syllabus; *State, ex rel. Williams,* v. *Glander* (1947), 148 Ohio St. 188 [35 O.O. 192], paragraph one of the syllabus; *Krause* v. *State* (1972), 31 Ohio St. 2d 132 [60 O.O.2d 100], paragraph one of the syllabus; *Thacker* v. *Bd. of Trustees* (1973), 35 Ohio St. 2d 49 [64 O.O.2d 28], paragraph one of the syllabus. Although the state cannot be sued without its consent expressed by an action of the General Assembly, such consent has been given through R.C. 2743.02(A) limiting jurisdiction in such matters to the Court of Claims, which was created by R.C. 2743.03(A), providing that the court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.

In *Kermetz* v. *Cook-Johnson Realty Corp.* (1977), 54 Ohio App. 2d 220 [8 O.O.3d 375], this court held that an owner of real estate, having a cause of action in the Court of Claims for the taking of his property, may, in the alternative, bring an action in mandamus where he shows the existence of a clear legal duty on the part of a state official and his failure to act. Judge Holmes, now Justice Holmes, stated at page 227 therein, "We hereby hold that it is the more appropriate, and better reasoned, conclusion to permit actions to be brought against the state in the Court of Claims where there has been a 'taking' of private property."

However, prior to the enactment and creation of the Court of Claims, the right to bring an action against a public officer to compel the performance of a public duty, or to enjoin him from performing an act contrary to law, had been recognized by the Supreme Court in *State, ex rel. Nichols,* v. *Gregory* (1935), 130 Ohio St. 165 [4 O.O. 59], paragraph one of the syllabus, and *American Life & Acc. Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287 [40 O.O. 326], paragraph four of the syllabus, which held that an action against the administrator of a state bureau for a declaratory judgment pronouncing the rights, status, or other legal relations of the plaintiff with reference to a statute is not an action against the state, even though other incidental relief is granted. Justice Stewart stated in *Jones, supra,* at 299:

"As we have suggested, if the instant action were simply an action for the recovery of money there would be some plausibility in the argument that it was an action against the state and, therefore, not permitted, but assuredly an action against a state employee to determine rights, liability or status is not prohibited because that employee happens to be the head of one of the administrative boards of the state. If it were otherwise it would mean that one could not mandamus a state officer to perform a clearly mandatory duty or one could not enjoin him from committing a patent and outrageously illegal act. A private citizen in such case would be helpless from unlawful, oppressive and outrageous conduct of a state official."

This court held in *State, ex rel. Ferguson,* v. *Shoemaker* (1975), 45 Ohio App. 2d 83 [74 O.O.2d 109], that an action brought in a court of common pleas to enjoin a state officer from interfering with the payment of money due under a state contract is not *per se* precluded by R.C. Chapter 2743, where it appears that the plaintiff has no adequate remedy at law.

Under the allegations of plaintiff's complaint, we find that the trial court was correct in dismissing plaintiff's action for monetary damages inasmuch as such actions can only be brought in the Court of Claims. Also, insofar as plaintiff's request for a preliminary and permanent injunction sought to enforce a private right, namely, against a nuisance, such action

should be brought together in the Court of Claims.

However, a different proposition presents itself with respect to the public duty, which has been alleged in paragraph four in plaintiff's complaint and in the memorandum appended to plaintiff's motion for preliminary injunction wherein plaintiff states that the defendant built basketball courts immediately adjacent to plaintiff's property without complying with the applicable local and state regulations, and that specifically the defendant failed to obtain the approval of the development commission as required by the zoning code of the city of Columbus.

We find no conflict between the results reached in this case and in the holding of the Supreme Court in *Brownfield, supra,* at 284, wherein the Supreme Court held that the state of Ohio cannot be subjected to suits in the court of common pleas and that the state has not consented to a suit in that forum. In that case, the state of Ohio was made a defendant, whereas not the state of Ohio, but the Board of Trustees of the Ohio State University, is the defendant in the instant case.

We, therefore, find that the trial court was correct in dismissing plaintiff's action insofar as plaintiff's action was based upon the theory of nuisance, which would be commonly designated as a private right and that such action, whether asking for monetary damages or an injunction, should be brought together in the proper forum, namely, the Court of Claims. However, that portion of plaintiff's complaint found in paragraph four and that referred to in plaintiff's motion for an injunction relates to a public duty, which the court of common pleas should not have dismissed. Inasmuch as plaintiff's complaint mixes and intermingles these two types of actions, plaintiff should separate these causes by way of an amended complaint. Plaintiff's first assignment of error is, therefore, overruled insofar as it relates to the allega-

tions and prayer for damages and the prayer to enjoin a private right. It is sustained insofar as plaintiff's action relates to the performance of defendant's public duty. The second assignment of error is overruled. The judgment of the common pleas court is affirmed in part, reversed in part, and remanded.

> *Affirmed in part,*
> *reversed in part*
> *and remanded.*

WHITESIDE, P.J., and REILLY, J., concur.