**VLACH et al., Appellants,**

v.

**KENT STATE UNIVERSITY, Appellee.**

[Cite as *Vlach v. Kent State Univ.* (1990), 70 Ohio App.3d 407.]

Court of Appeals of Ohio,
Portage County.

No. 89–P–2100.

Decided Nov. 20, 1990.

*Susan M. Collins Berger* and *David K. Ross,* for appellants.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Dennis R. Wilcox,* Special Counsel to the Attorney General, for appellee.

JOSEPH E. MAHONEY, Judge.

This is an accelerated calendar case.

On May 9, 1989, the plaintiffs-appellants, Bonnie Vlach and Carol Vlach, filed a complaint for declaratory and injunctive relief against the defendant-appellee, Kent State University, pursuant to R.C. 121.22. Appellants sought a declaration that appellee's "Animal Care and Use Committee" is a "public body" as defined R.C. 121.22 and a permanent injunction requiring the appellee to open the meetings of the "Animal Care and Use Committee." The appellants further requested payment of costs, attorney fees and a civil forfeiture of $100.

On June 29, 1989, appellee filed a motion to dismiss on the grounds that the court of common pleas lacked jurisdiction and for failure to state a claim. On July 10, 1989, appellants filed a motion in opposition to appellee's motion to dismiss and a motion for summary judgment. Appellee responded on July 21, 1989 by filing a brief in opposition to summary judgment and a reply brief to appellants' brief in opposition to its motion to dismiss. Appellants filed a supplemental brief on July 26, 1989.

On August 3, 1989, the trial court granted appellee's motion to dismiss. The court found that it lacked jurisdiction since appellants' complaint seeks monetary relief against appellee which is an agency of the state. The trial court stated that proper jurisdiction was with the Court of Claims.

Upon filing a timely appeal, appellants now present the following assignments of error:

"1. The trial court erred as a matter of law in dismissing appellants' complaint for lack of jurisdiction when O.R.C. [Section] 121.22(I) expressly gives the court of common pleas jurisdiction for violations of the sunshine statute regardless of the status of the defendant as an instrumentality of the state.

"2. The trial court erred as a matter of law in finding that appellants' complaint asked for monetary relief of a nature which would prevent it from being heard in a court of common pleas."

Appellants' assignments of error are well taken. Since the assignments are so intertwined, they will be discussed together.

Appellants' complaint was brought pursuant to R.C. 121.22, the "Sunshine" law, which provides in pertinent part:

"(A) This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law.

"(B) As used in this section:

"(1) 'Public body' means any board, commission, committee, or similar decision-making body of a state agency, institution, or authority, and any legislative authority or board, commission, committee, agency, authority, or similar decision-making body of any county, township, municipal corporation, school district, or other political subdivision or local public institution.

"* * *

"(I)(1) Any person may bring an action to enforce the provisions of this section. Upon proof of a violation or threatened violation of this section in an action brought by any person, *the court of common pleas* shall issue an injunction to compel the members of the public body to comply with its provisions.

"(2) If the *court of common pleas* issues an injunction pursuant to this section, *the court may award to the party that sought the injunction all court costs and reasonable attorney's fees and also shall order the public body that it enjoins to pay a civil forfeiture of one hundred dollars.* If the court of common pleas does not issue an injunction pursuant to this section and the court determines at that time that the bringing of the action was frivolous conduct as defined in division (A) of section 2323.51 of the Revised Code, the court may award to the public body all court costs and reasonable attorney's fees." (Emphasis added.)

Clearly, the statute on its face specifically provides for jurisdiction to the court of common pleas to hear and enforce violations of R.C. 121.22.

Appellee does not dispute that the common pleas court has jurisdiction to issue injunctive or declaratory relief but argues that appellants' complaint also seeks monetary damages and, thus, must be brought in the Court of Claims pursuant to R.C. 2743.01 *et seq.*, and *Beatley v. Bd. of Trustees of Ohio State Univ.* (1982), 4 Ohio App.3d 1, 4 OBR 20, 446 N.E.2d 182.

Appellee's argument must be rejected.

The alleged "monetary damages" that appellants seek are costs, attorney fees, and a civil forfeiture of $100, which are expressly provided for in R.C. 121.22(I)(2). Unlike the plaintiff in *Beatley, supra,* who sought compensatory damages of $150,000, appellants herein seek only that to which they are statutorily entitled. Thus, *Beatley,* upon which appellee so heavily relies, is distinguishable from the case *sub judice.*

Pursuant to R.C. 121.22, the court of common pleas had jurisdiction to hear the complaint and, upon proof of the violation, issue an injunction, award all court costs, reasonable attorney fees and order payment of a civil forfeiture of $100.

Accordingly, the judgment of the trial court is reversed and the within cause is remanded to the trial court for further proceedings on the merits.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY, P.J., and FORD, J., concur.