OPINION
In this accelerated calendar case, submitted on the record and the briefs of the parties, appellants, Patricia Pfeffer, Richard Warren, Candice O'Neal, Mary Tuck, and Paul Swigart, appeal from the judgment of the Portage County Court of Common Pleas entered on February 25, 2000. The trial court granted appellee's, the Board of County Commissioners of Portage County ("the Board"), motion to dismiss for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1). The following facts are relevant to a determination of this appeal.
Appellants are all residents of Portage County and members of the Brady Area Residents Association. On February 8, 1997, several of them met with Portage County Commissioner, Kathleen Chandler, to discuss their concerns about a new real estate development in their area known as Spirit Camp/Crescent Woods development. At that meeting, appellants requested they be notified of any Board meetings related to that development. Appellant, Richard Warren, provided Commissioner Chandler with a written request for notification which included his address and phone number, and also with three self-addressed, stamped envelopes to facilitate notification. The record does not reveal whether the Board charges a fee for special notification. In any case, Commissioner Chandler did not indicate to appellants that they needed to pay a fee in order to receive special notification.
Subsequently, on the morning of March 11, 1997, the Board apparently met privately with one William Hale. Mr. Hale was the director of the Community Economic and Development Corporation. This corporation was involved in the development of Crescent Woods. At the morning meeting with Mr. Hale, the Board decided to forgive a loan of $100,000 that was made to that corporation out of public funds.
Prior to the meeting of March 11, 1997, none of appellants were informed that there was to be a Board meeting related to the Crescent Woods development. The Board's "Daily Agenda" (the publicly posted notice of its agenda) did not indicate that there was to be a meeting on the morning of March 11, 1997, with the director of the Community Economic and Development Corporation. However, Mr. Hale was also a principal in another corporation named the Portage Area Development Corporation. The Daily Agenda did indicate that there was to be a meeting at 4:30 p.m. with William Hale of the Portage Area Development Corporation. It appears from the record that what occurred at the 4:30 p.m. meeting was that the Board, without discussion, adopted Resolution 97-134, which forgave the $100,000 loan to the Community Economic and Development Corporation.
On March 26, 1997, appellants filed the instant action, styling it as "notice of appeal" from the decision of the Board taken on March 11, 1997. Appellants' action stated the following two "claims":
 "Plaintiff-Appellants state that the action authorizing the passing of Resolution 97-134 and Correspondance [sic] was taken at a meeting held in violation of the sunshine law of the Ohio Revised Code 121.22 [sic] and request the court impose penalties as per law.
 "Plaintiff-Appellants further state that the action authorizing the passing of Resolution 97-134 is unconstitutional, illegal, arbitrary, capricious and is not supported by the preponderance, substantial, reliable and probative evidence on the whole record."
Appellants labeled this action as an appeal, and the trial court subsequently denoted it as an administrative appeal. Appellee formed its response on the basis of that designation. The second portion of appellants' action is an appeal. However, as will be explained infra, an action brought to enforce the sunshine law is an action with original jurisdiction in the court of common pleas. It is not an appeal. Appellants' failure to properly identify the matter, and the trial court's treatment of the matter as an appeal, has led to the result appealed from.
On July 18, 1997, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(1), stating that the trial court lacked subject matter jurisdiction to hear appellants' administrative appeal. Appellee argued that appellants were attempting to appeal from the passage of a legislative resolution. Appellee argued that there was no underlying adjudicatory hearing. The resolution was the product of the performance of the legislative/ministerial functions of the Board and, therefore, not appealable. In their response to appellee's motion, appellants correctly set forth the remedy for a violation of R.C. 121.22. However, they continued to argue that the trial court properly had jurisdiction of the matter as an administrative appeal under R.C. 307.56.
The trial court granted appellee's motion to dismiss. From this judgment, appellants timely filed notice of appeal, assigning the following error:
 "The trial court erred in not specifically finding appellee's, the Portage County Board of Commissioners, passage of Resolution 97-134 was invalid under Section 121.22 of the Revised Code."
 On appeal, appellants argue that R.C. 121.22 (the sunshine law) reposes jurisdiction with the court of common pleas to hear actions brought under that section. They are correct.
R.C. 121.22 has been amended three times since the institution of this action. The version effective at the time the alleged violation occurred, and also at the time this lawsuit was filed, was the version enacted by H.B. No. 670, effective December 2, 1996. In relevant parts, that statute states:
 "121.22 Meetings of public bodies to be public; exceptions.
"* * *
 "(C) All meetings of any public body are declared to be public meetings open to the public at all times. * * *.
"* * *
 "(F) Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings. A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media that have requested notification, except in the event of an emergency requiring immediate official action. * * *.
 "The rule shall provide that any person, upon request and payment of a reasonable fee, may obtain reasonable advance notification of all meetings at which any specific type of public business is to be discussed. Provisions for advance notification may include, but are not limited to, mailing the agenda of meetings to all subscribers on a mailing list or mailing notices in self-addressed, stamped envelopes provided by the person.
"* * *
 "(H) A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted at an executive session held in compliance with this section. A resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated division (F) of this section.
 "(I)(1) Any person may bring an action to enforce the provisions of this section. An action under this division shall be brought within two years after the date of the alleged violation or threatened violation. Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.
"* * *
 "(3) Irreparable harm and prejudice to the party that sought the injunction shall be conclusively and irrebuttably presumed upon proof of a violation or threatened violation of this section." (Emphasis added.)
 The statute states that any person may bring an action for violation of this law in the court of common pleas. It would be nonsensical to bring an action for a violation of this law in the very agency that is accused of committing the violation. The action originates in the court of common pleas. Unless the subject matter is specifically excepted from application of the sunshine law, the subject matter that a "public body" addresses in a meeting is irrelevant in so far as application of the sunshine law is concerned. The law addresses the form and manner in which decisions are made, and is not concerned with the content of those decisions.
Appellants, in their claim for relief, indicated that the sunshine law had been violated. Appellants asked the court to impose penalties as per law. However, they subsequently created confusion, rather than clarification, on the issue of jurisdiction by consistently referring to their action as an appeal. Nevertheless, the trial court, upon a thorough examination of the statute, should have recognized that an action to enforce R.C. 121.22 is not an appeal. "Clearly, the statute on its face specifically provides for jurisdiction to the court of common pleas to hear and enforce violations of R.C. 121.22." Vlach v. Kent State Univ. (1990), 70 Ohio App.3d 407, 409. Furthermore, the Supreme Court of Ohio has held that R.C. 121.22(H) invalidates any formal action taken by a "public body" (as defined within the statute) that results from deliberations conducted in private. State ex rel. Delph v. Barr (1989),44 Ohio St.3d 77, 81. Appellants' assignment of error has merit.
We would note that appellee's arguments and the trial court's conclusion, as they relate to a court of common pleas jurisdiction over administrative appeals from the legislative and ministerial decisions of public bodies, are correct. However, as previously indicated, the sunshine law does not concern itself with the substance of the decisions but, rather, with the manner in which they are taken.
The judgment of the trial court is reversed, and this matter is remanded to the trial court to conduct a hearing to determine if there has been a violation of the sunshine law. If the answer is in the affirmative, the trial court shall then impose the remedies as set forth in R.C 121.22, subsections (H) and (I).
 _____________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
FORD, J., NADER, J., concur.