THE STATE, EX REL. FERGUSON, *v.* SHOEMAKER.

[Cite as State, ex rel. Ferguson, v. Shoemaker (1975), 45 Ohio App. 2d 83.]

(No. 75AP-194—Decided May 21, 1975.)

*Mr. William J. Brown,* Attorney General, *Mr. Robert H. Stromberg* and *Mr. Terry Tataru,* for relator.

*Mr. George C. Smith,* prosecuting attorney, *Mr. William B. Shimp, Mr. Dennis Pines* and *Mr. Charles Cohen,* for respondent.

WHITESIDE, J. By this original action in this court, relator, the Auditor of Ohio, seeks a writ of prohibition prohibiting the respondent, Judge Fred J. Shoemaker of the Court of Common Pleas of Franklin County, from hearing and determining the case of *Ronald F. Riviere, D. D. S., Inc.,* v. *State of Ohio, et al.,* No. 75CV-03-1292, pending in the Franklin County Court of Common Pleas. This cause has been submitted to this court, on the pleadings, stipula-

tions of fact, and the briefs and oral arguments of counsel, for a determination on the merits. The state of Ohio and the Ohio department of public welfare are joined as defendants with relator in the action pending in the Court of Common Pleas. The stipulation of the parties states:

"1. On March 28, 1975, Ronald F. Riviere, D. D. S., Inc., as plaintiff, filed a Complaint in the Franklin County, Ohio, Common Pleas Court against the State of Ohio, the Ohio Department of Public Welfare and Thomas E. Ferguson, Auditor of the State of Ohio, as defendants, being Case No. 75CV-03-1292. Said Complaint is attached hereto and made a part hereof as Exhibit A. An Affidavit of plaintiff's attorney is attached hereto and made a part hereof as Exhibit M.

"2. On March 28, 1975, plaintiff, in the above-mentioned case, filed a Motion requesting a temporary restraining order against all defendants. Said Motion is attached hereto and made a part hereof as Exhibit B.

"3. On March 31, 1975, said Common Pleas Court held a hearing on plaintiff's aforementioned Motion. The Transcript of Proceedings is attached hereto and made a part hereof as Exhibit L.

"4. On April 1, 1975, defendants, in the abovementioned case, filed a Motion to Dismiss the Complaint. Said Motion is attached hereto and made a part hereof as Exhibit C.

"5. On April 1, 1975, plaintiff filed a Memorandum. Said Memorandum is attached hereto and made a part hereof as Exhibit D.

"6. On April 1, 1975, defendant Ohio Department of Public Welfare filed a Counterclaim. Said Counterclaim is attached hereto and made a part hereof as Exhibit E.

"7. On April 1, 1975, the Common Pleas Court issued a Temporary Restraining Order against all defendants. Said Order is attached hereto and made a part hereof as Exhibit F.

"8. On April 10, 1975, plaintiff filed a Reply to Counterclaim. Said Reply is attached hereto and made a part hereof as Exhibit G.

"9. On or about April 10, 1975, plaintiff filed a Motion for a permanent injunction to be advanced and consolidated. Said Motion is attached hereto and made a part hereof as Exhibit H.

"10. On April 14, 1975, the Common Pleas Court issued an Entry extending the Temporary Restraining Order. Said Entry is attached hereto and made a part hereof as Exhibit I.

"11. On April 28, 1975, the Common Pleas Court overruled defendants' Motion to Dismiss. Said Decision and Entry is attached hereto and made a part hereof as Exhibit J.

"12. On May 6, 1975, defendants herein filed an Answer to the Complaint. Said Answer is attached hereto and made a part hereof as Exhibit K.

"13. On May 22, 1975, the Common Pleas Court has scheduled a trial on the Counterclaim; but only in regard to whether or not there is liability to the Ohio Department of Public Welfare, not on the amount of that liability; and on the Permanent Injunction. The issue of the amount of liability will be determined at a later trial."

In its brief, relator states the issue before the court to be:

"Whether an action on contract, seeking monetary relief from the State of Ohio, must be commenced and prosecuted in the Court of Claims."

However, as pointed out in the brief of respondent, the plaintiff in the action pending in the Court of Common Pleas seeks equitable relief by way of injunction. The Complaint filed in the Court of Common Pleas reads as follows:

"*First Claim*

"1. Plaintiff is an Ohio corporation duly authorized to do business in the State of Ohio.

"2. On or about the 26th day of October, 1972, plaintiff and defendant Ohio Department of Public Welfare entered into a written agreement which is attached hereto as Exhibit 'A.'

"3. Plaintiff has performed his obligations thereunder.

"4. Plaintiff has provided dental services to recipients of medicaid and other medical assistance programs of and administered by the State of Ohio through the Ohio Department of Public Welfare.

"5. Although plaintiff has provided dental services to such recipients, defendant has failed and refused to pay plaintiff the amounts due and owing him under said contract.

"6. On March 20, 1975, plaintiff was informed by a representative of Defendant Thomas Ferguson, Auditor of the State of Ohio, that said payment would not be made though said services were performed and payment demanded.

"7. As a result of said breach of contract, plaintiff has been damaged in the amount of Seventy Thousand Dollars ($70,000.00).

"*Second Claim*

"8. Plaintiff incorporates by reference herein each and every allegation contained in the First Claim above.

"9. If Defendants are allowed to continue to deny payment which has been due and demanded, irreparable damage will be done to plaintiff's professional practice and cause it to cease operation, thereby denying qualified recipients the benefit of medical assistance programs provided by and administered by the State of Ohio and the Ohio Department of Public Welfare, pursuant to State and Federal law.

"Wherefore, Plaintiff demands judgment as follows:

"I. That Defendant State of Ohio, through its officers, agents, servants and employees be restrained and enjoined by preliminary injunction and permanent injunction from withholding the payment due and demanded, and future payments due under the aforestated contract;

"II. That Defendant Ohio Department of Public Welfare, through its officers, agents, servants and employees be restrained and enjoined by preliminary injunction and permanent injunction from withholding the payment due and demanded, and future payments due under the aforestated contract;

"III. That Defendant Thomas Ferguson, Auditor of the State of Ohio, through his officers, agents, servants and employees be restrained and enjoined by preliminary injunction and permanent injunction from withholding the payment due and demanded, and future payments due under the aforestated contract;

"IV. For the sum of Seventy-Thousand Dollars ($70,-000.00), plus interest;

"V. For costs."

As to the joinder of the state of Ohio as a party to the action pending in the Court of Common Pleas, it is well established that the state is not subject to suit in the courts of this state without the express consent of the General Assembly. *Raudabaugh* v. *Ohio* (1917), 96 Ohio St. 513; *State, ex rel. Williams,* v. *Glander* (1947), 148 Ohio St. 188; *Krause* v. *State* (1972), 31 Ohio St. 2d 132; and *Thacker* v. *Bd. of Trustees* (1973), 35 Ohio St. 2d 49. The latter two cases dealt with suits in tort rather than contract. However, the principle is clear that the state cannot be sued without its consent expressed by an action of the General Assembly.

Such consent has recently been given by the General Assembly through R. C. 2743.02(A), which provides, as follows:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability."

However, in waiving the state's immunity from liability and consenting to be sued and having the state's liability determined, the General Assembly limited jurisdiction in such matters to the Court of Claims, which is created by R. C. 2743.03(A). This section provides:

"There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted

by the waiver of immunity contained in section 2743.02 of the revised code, and exclusive jurisdiction of the claims of all parties in actions which are removed to the court of claims and determinations pursuant to sections 5315.04 and 5315.05 of the Revised Code. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.''

However, an action against a public officer to compel him to perform a public duty or to enjoin him from performing an act contrary to law is not an action against the state precluded by the doctrine of sovereign immunity. In *Life Ins. Co.* v. *Hess* (1926), 28 Ohio App. 107 (affirmed 116 Ohio St. 416), it is stated, at page 115:

''It will not be questioned that equity will enjoin an illegal act on the part of an individual holding a state or county office. A suit against an individual for the purpose of preventing him, as such officer, from performing an act contrary to a statute, is not an action against the state or the county, but is against the individual, and he will be enjoined unless the statute in question is unconstitutional. * * *''

The first paragraph of the syllabus of *State, ex rel. Nichols,* v. *Gregory* (1935), 130 Ohio St. 165, states:

''A suit against members of the State Industrial Commission, seeking to compel them to perform a statutory duty, is not a suit against the state within the purview of Article I, Section 16 of the Ohio Constitution.''

Similarly, the fourth paragraph of the syllabus of *American Life & Accident Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287, states:

''An action against the administrator of a state bureau for a declaratory judgment pronouncing the rights, status or other legal relations of the plaintiff with reference to a statute is not an action against the state, even though other incidental relief is granted.''

At page 299 of the opinion, by Judge Stewart, it is stated:

''As we have suggested, if the instant action were

simply an action for the recovery of money there would be some plausibility in the argument that it was an action against the state and, therefore, not permitted, but assuredly an action against a state employee to determine rights, liability or status is not prohibited because that employee happens to be the head of one of the administrative boards of the state. If it were otherwise it would mean that one could not mandamus a state officer to perform a clearly mandatory duty or one could not enjoin him from committing a patent and outrageously illegal act. A private citizen in such case would be helpless from unlawful, oppressive and outrageous conduct of a state official."

In *American Life*, it was determined that the plaintiff was entitled to recover contributions made by it to the unemployment compensation fund. Furthermore, it has been expressly held that mandamus is a proper remedy to compel the state auditor to issue a warrant for an amount due from the state, pursuant to a contract regularly executed by the proper parties, including state officers authorized by statute, where the necessary funds have been appropriated to such contract. *State, ex rel. Ross, v. Donahey* (1916), 93 Ohio St. 414.

Relator concedes that the amounts that plaintiff, in the Court of Common Pleas, contends is due him by contract is due and would be paid were it not for the claim of the state for a setoff against him by reason of alleged overpayments made by the state to him in the Court of Common Pleas during the period from January 1, 1968, to October 10, 1973, in the total amount of $277,423, and which are the subject of the counterclaim of the Ohio department of public welfare, filed and pending in the complained-of action in the Court of Common Pleas. R. C. 115.26 provides in pertinent part:

"* * * If a warrant for the payment of money from the state treasury has been illegally or improperly issued by the auditor of state, or the amount of a warrant issued by him exceeds the sum which should have been named therein, and payment of such warrant or excess has been made by the treasurer of state, the auditor of state shall cause

the amount of such warrant or excess to be collected and returned to the state treasury without delay. * * *''

The counterclaim in the Court of Common Pleas, however, was brought by the department of public welfare rather than the auditor. R. C. 115.35, on the other hand, provides:

"The auditor of state shall examine each voucher presented to him * * * and if he finds it a valid claim against the state and legally due and that there is money in the state treasury appropriated to pay it, and that all requirements of law have been complied with, he shall issue a warrant on the treasurer of state for the amount found due, and file and preserve the invoice in his office. He shall draw no warrant on the treasurer of state for any claim unless he finds it legal and that there is money in the treasury which has been appropriated to pay it."

In the unreported decision rendered in *State, ex rel. Avon Convalescent Center, Inc.,* v. *Charles Bates,* No. 74 AP-346, Court of Appeals for Franklin County, May 8, 1975, this court stated, at page 1067-1068:

"The remedy of mandamus against a state officer 'is not a suit against the state within the purview of Article I, Section 16 of the Ohio Constitution,' precluded by the doctrine of sovereign immunity. *State, ex rel. Nichols,* v. *Gregory* (1935), 130 Ohio St. 165. See also *American Life & Accident Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287. This is true even though the state is the real party in interest. See *State, ex rel. Wilson,* v. *Preston* (1962), 173 Ohio St. 203. Accordingly, the remedy of mandamus against a state officer is not *per se* precluded by R. C. 2743.03(A), which created the Court of Claims, investing in it original jurisdiction of all civil actions against the state permitted by the waiver of sovereign immunity.

"However, before mandamus is available as a remedy against a state officer, there must be no plain and adequate remedy in the ordinary course of the law. See the first paragraph of the syllabus of *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, which reads, as follows:

" 'Where a public officer or agency is under a clear legal duty to perform an official act, and where there is no plain and adequate remedy in the ordinary course of the law, an action in mandamus will lie originally in the Supreme Court or in the Court of Appeals.'

"Thus, the proper issue is whether R. C. Chapter 2743 affords relators an adequate remedy in the ordinary course of law for the claim which they attempt to assert in mandamus. * * *"

Although the action in the Court of Common Pleas sought to be prohibited is in injunction rather than mandamus, the same principles apply. An action brought in a Court of Common Pleas for an injunction against a state officer is not *per se* precluded by R. C. Chapter 2743, creating and vesting jurisdiction in the Court of Claims; such an action may be proper irrespective of the doctrine of sovereign immunity. However, before an injunction can be granted, it must appear that the person seeking the injunction has no adequate remedy in the ordinary course of law.

R. C. Chapter 2743, waiving the sovereign immunity of the state, consenting to suits against the state, establishing the Court of Claims, and providing for procedures for such actions, applies only to actions against the state which could not previously be brought in any court because of the doctrine of sovereign immunity. It does not limit or effect the jurisdiction of the courts that has previously been recognized as not precluded by the doctrine of sovereign immunity with respect to actions against state officers, except insofar as R. C. Chapter 2743 may provide an adequate remedy in a particular case where previously there was none except extraordinary relief by way of mandamus or injunction against a state officer.

Inasmuch as this is an original action in prohibition, the merits of the action in the Court of Common Pleas are not before us, nor is the issue of whether the Complaint pending in the Court of Common Pleas states a claim upon which relief can be granted. Rather, the sole issue is whether the Court of Common Pleas has jurisdiction to pro-

ceed with that case. As stated in the *per curiam* opinion in *State, ex rel. Stefanick,* v. *Municipal Court* (1970), 21 Ohio St. 2d 102, at page 104:

"A writ of prohibition will be allowed only in the absence of a plain and adequate remedy in the ordinary course of the law and where the action complained of represents either a clear usurpation of judicial power or the assumption of jurisdiction where none exists. [Citations omitted.]

"Prohibition is a preventive writ rather than a corrective remedy and is designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine. [Citation omitted.] It cannot be used to review the regularity of an act already performed."

However, in the second paragraph of the syllabus of *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, it is stated:

"Where there is a total want of jurisdiction on the part of a court, a writ of prohibition will be allowed to arrest the continuing effect of an order issued by such court, even though the order was entered on the journal of the court prior to the application for the writ of prohibition. (The second sentence of the third paragraph of the syllabus of *State, ex rel. Frasch,* v. *Miller* [1933], 126 Ohio St. 287; the second paragraph of the syllabus of *Marsh* v. *Goldthorpe* [1930], 123 Ohio St. 103; and the fifth paragraph of the syllabus of *State, ex rel. Brickell,* v. *Roach* [1930], 122 Ohio St. 117, distinguished.)"

In *State, ex rel. Gilligan,* v. *Hoddinott* (1973), 36 Ohio St. 2d 127, the Supreme Court held in the first two paragraphs of the syllabus:

"1. Prohibition is an extraordinary remedy, to be entertained with caution, and is to be exercised in the sound discretion of the court.

"2. The writ of prohibition may issue where it is shown that the body exercising judicial power is exceeding its jurisdiction."

The opinion in *Gilligan* cited with apparent approv-

al the case of *State, ex rel. Tempero,* v. *Colopy* (1962), 173 Ohio St. 122: The third paragraph of the syllabus of *Colopy* states:

"The judgment of a Court of Appeals, granting a writ of prohibition, will not be reversed merely because the relator has an adequate remedy in the ordinary course of the law."

However, *Tempero* relied upon *State, ex rel. Wesselman,* v. *Bd. of Elections* (1959), 170 Ohio St. 30, which stated essentially the same rule of discretion with respect to mandamus in the second paragraph of the syllabus. That paragraph of the syllabus of *Wesselman* was expressly overruled by the Supreme Court by the first paragraph of the syllabus of *State, ex rel. Sibarco Corp.,* v. *City of Berea* (1966), 7 Ohio St. 2d 85, which states:

"The writ of mandamus must not be issued, whether in the exercise of the court's discretion or otherwise, when there is a plain and adequate remedy in the ordinary course of the law. (Second paragraph of the syllabus of *State, ex rel. Wesselman,* v. *Board of Elections of Hamilton County,* 170 Ohio St. 30, is overruled, and any decision or opinion of this court or any part thereof that is in conflict with the foregoing principle of law is disapproved.)"

Similarly, the third paragraph of the syllabus of *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, states:

"When a petition stating a proper cause of action in mandamus is filed originally in the Supreme Court or in the Court of Appeals, and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion but those courts are required to deny the writ. (*State, ex rel. Shively,* v. *Nicholas, Judge,* 151 Ohio St. 179, and *State, ex rel. Sibarco Corp.,* v. *Berea,* 7 Ohio St. 2d 85, approved and followed.) (Note that paragraph two of the syllabus of *State, ex rel. Wesselman,* v. *Board of Elections of Hamilton County,* 170 Ohio St. 30, which is contra to this rule, was overruled in paragraph

one of the syllabus in *State, ex rel. Sibarco Corp.,* v. *Berea, supra.*)"

These series of cases indicate that, even though the existence of an adequate remedy in the ordinary course of law may preclude relief in mandamus or injunction, the existence of such adequate remedy is not jurisdictional in the sense that the court has no jurisdiction of the action in mandamus or injunction where an adequate remedy at law exists. Thus, the existence of an adequate remedy at law does not create a total want of jurisdiction, such as was referred to in *Gusweiler.*

However, there is some question as to the adequacy of the remedy that might be available in the Court of Claims. Relator concedes, as indicated above, that monies are due and payable to plaintiff in the action sought to be prohibited and that relator has withheld those monies because of the existence of an alleged, unrelated claim against plaintiff in that case. Even if plaintiff had prosecuted his claim to judgment in the Court of Claims, and the relator had subsequently determined that prior overpayments had been made as indicated by an examination made on January 10, 1975, relator would be in essentially the same position to contend that payment should not be made. Judgments of the Court of Claims are, pursuant to R. C. 2743.19(C), enforceable in mandamus, not execution. Thus, a resort to an extraordinary remedy would be necessary to compel payment of the claim by relator even if a judgment of the Court of Claims was obtained, and relator still refused to make payment.

Although the Complaint in the Common Pleas Court seeks broad equitable relief, it does not control the relief which would be granted, if any. Rather, pursuant to Civ. R. 54(C), only such equitable relief, if any, to which the plaintiff in the Court of Common Pleas is entitled would be granted.

Plaintiff, in the action in the Court of Common Pleas, seeks equitable relief both as to payments now due and as to payments to become due, seeking to enjoin relator from refusing to make payments of amounts due and pay-

able to plaintiff because of a claimed right of setoff arising from alleged past overpayments to plaintiff. The issue in the Court of Common Pleas is whether relator is entitled to withhold payments otherwise legally due and owing and retain such monies as a self-help setoff against monies plaintiff allegedly owes the state. That issue is not before this court and is not determined herein. Rather, the issue is whether the Court of Common Pleas has jurisidiction to determine that issue and to afford appropriate relief if plaintiff in that action is entitled thereto. We find that the Court of Common Pleas has such jurisdiction.

Furthermore, the cross-claim brought by the department of public welfare could not be brought as an original action in the Court of Claims but, rather, should, if to be asserted by either the relator herein or the department of public welfare, be brought in the Court of Common Pleas— the very court in which such claim is now pending as a counterclaim.

Relator relies upon the unreported decision of *Morgan* v. *Canary,* No. 74AP-441, Court of Appeals for Franklin County, February 27, 1975, wherein this court affirmed a judgment of a Court of Common Pleas dismissing an action seeking a recovery of monetary amounts claimed to be due from the state arising out of contract. We held that the remedy afforded in the Court of Claims constituted an adequate remedy at law. However, the trial court in that case did not dismiss portions of the actions seeking a declaratory judgment and injunctive relief. We expressly noted, in *Morgan,* that those issues were not before this court and made no determination thereof. *Morgan* is not controlling herein since that case involved a determination that there existed an adequate remedy at law, so that a dismissal was proper, not a determination that the Court of Common Pleas had no jurisdiction of the subject matter. Also, that case expressly did not determine the availability of injunctive or declaratory relief under the circumstances therein involved, and the instant action in the Court of Common Pleas is for injunctive relief. However, for the reasons stated above, the Court of Common Pleas has no

jurisdiction to proceed against the state with respect to the requested monetary relief. The state cannot be sued in any court without its consent, and it has not consented to be sued in the Court of Common Pleas in this instance. However, the action against the auditor, and the department of public welfare is not precluded by the doctrine of sovereign immunity and, likewise, is not precluded by virtue of the original jurisdiction vested in the Court of Claims.

A direct action on a contract with the state, seeking monetary relief from the state, must be commenced and prosecuted in the Court of Claims and cannot be brought in the Court of Common Pleas. However, where appropriate, injunctive relief may be sought against a state officer, even though it involves a state contract, and the action for such relief may be brought in the Court of Common Pleas. The Complaint pending in the Court of Common Pleas falls into both categories.

Accordingly, a limited writ of prohibition will issue prohibiting the Court of Common Pleas from proceeding with the action complained of against the state of Ohio, which seeks monetary or injunctive relief against the state itself, the Court of Common Pleas having no jurisdiction in an action brought against the state itself, since the state has not consented to be sued. However, such writ will not prohibit the Common Pleas Court from proceeding with the action pending therein against the auditor, or against the department of public welfare, nor from proceeding with the counterclaim brought by the state department of public welfare. The Court of Common Pleas has jurisdiction of those matters, and prohibition is not appropriate with respect thereto. The costs herein will be assessed equally between the parties.

*Judgment accordingly.*

STRAUSBAUGH, P. J., and HOLMES, J., concur.