THE STATE, EX REL. MAHONING COUNTY COMMUNITY CORRECTIONS ASSOCIATION, INC., *v.* SHOEMAKER, ACTING CHIEF, ET AL.

(No. 83AP-81—Decided September 15, 1983.)

*Mr. Jack W. Decker,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Raymond J. Studer,* for respondents.

*Barkan & Neff Co., L.P.A.,* and *Mr. Irwin W. Barkan,* for *amicus curiae.*

NORRIS, J. Relator in this original action in mandamus, Mahoning County Community Corrections Association, Inc., operates a "half-way house" facility for the care and treatment of parolees, probationers, and furloughees, pursuant to R.C. 2967.14(C).

On October 24, 1980, relator entered into a contract with the Department of Rehabilitation and Correction, through its Adult Parole Authority ("APA"), which provided that relator would provide services until December 1, 1980 to "eligible releasees," and the APA would pay relator for those services at the rate of $24.06 per day per eligible releasee.

A second contract was executed in February 1981, covering the period through June 30, 1981, providing for similar services to be provided by relator at the same rate of compensation. In its first claim for relief, relator alleges that respondents John Shoemaker and Chris Murray, state officials acting for the APA, withheld $7,515.06 from relator which was otherwise due under the second contract, on the claimed basis that it had been erroneously paid to relator under the first contract for services rendered to ineligible persons. Relator claims Shoemaker and Murray failed to perform their clear legal duty to pay that sum to it, citing sections of the Ohio Administrative Code and of the Revised Code in support of its definition of "eligible releasee." Relator seeks writs of mandamus ordering Shoemaker and Murray to issue payment to it of $7,515.06 plus interest. In their answer, Shoemaker and Murray dispute relator's definition of "eligible releasee," and contend that the money was properly withheld to offset an overpayment.

In its second claim, relator alleges that Shoemaker, in May 1982, issued a "directive" advising relator that a ceiling of $23.76 would be placed on payment to half-way houses, and that "under protest" relator signed a contract on June 9, 1982 providing for the lower rate of compensation, even though its actual cost exceeded $29.30 per day. Relator contends that respondents have failed to per-

form a clear statutory duty by contracting to pay less than relator's actual cost. Relator seeks a writ of mandamus directing respondents to issue payment at the higher rate. In their answer, respondents deny that the contract was signed under protest, or that relator ever requested a contract seeking a higher rate of compensation, and raise defenses based on the contract, as well as others.

In its brief, relator notes that it has filed suit in the Court of Claims "for the identical claims set forth in this action," and says it was required to file two actions in view of confusion existing in the authorities concerning the proper forum in which to seek relief.

Respondents have filed a motion to dismiss the action, contending mandamus does not lie under the circumstances of this case. We agree.

It is true that mandamus is the proper remedy to compel a state official to perform a clear legal duty, and that that remedy was not extinguished by enactment of the Court of Claims Act, since such an action is not a suit against the state. See *State, ex rel. Ferguson,* v. *Shoemaker* (1975), 45 Ohio App. 2d 83 [74 O.O.2d 109]. On the other hand, the Court of Claims has no authority to allow writs of mandamus. R.C. 2731.02; see *Brockman* v. *Ohio Dept. of Public Welfare* (1982), 7 Ohio App. 3d 239; *Rosso* v. *Dept. of Adm. Serv.* (1982), 4 Ohio App. 3d 312. These are extraordinary writs, and are not encompassed within the grant of "full equity powers" to the Court of Claims as found in R.C. 2743.03(A).

Enactment of the Court of Claims Act did, however, provide remedies against the state which previously had not existed. Accordingly, where the state is, for all practical purposes, the real party in interest, and an adequate remedy is provided by the Court of Claims Act, a court is warranted in dismissing an action in mandamus. See *State, ex rel. Ferguson,* v. *Shoemaker, supra,* at 91; *Morgan* v. *Canary* (1975), 44 Ohio App. 2d 29, at 35 [73 O.O.2d 18].

Here, relator's first claim is clearly based on a contract between the parties and involves a controversy over the interpretation of terminology utilized in the contract. For all practical purposes, the state is the real party in interest since the remedy sought involves payment from the state treasury.

Relator's second claim is also founded in part upon a contract, and involves questions of reformation and formation of the contract under duress, as well as the interpretation of relator's rights under the statutes. Again, monetary relief is sought from the state.

Direct actions upon contracts with the state, seeking monetary relief from the state, must be brought in the Court of Claims. *State, ex rel. Ferguson,* v. *Shoemaker, supra,* at 96. In addition, the Court of Claims has jurisdiction to render declaratory judgments. *A.F.S.C.M.E.* v. *Blue Cross* (1979), 64 Ohio App. 2d 262 [18 O.O.3d 227]. Because the ultimate relief sought by relator is available in the Court of Claims in the form of actions upon contracts or seeking declaratory relief, relator has an adequate remedy at law, and an action in mandamus is therefore inappropriate.

*Motion to dismiss granted.*

STRAUSBAUGH and MOYER, JJ., concur.