OPINION JOURNAL ENTRY
STATEMENT OF THE CASE
On July 20, 2000, relator filed a Petition for Writ of Mandamus requesting that this court compel the respondents to overturn an Ohio Department of Rehabilitation and Correction (ODRC), Rules Infraction Board (RIB) decision to transfer relator to a "super max" prison facility and to return relator to a "close security" prison and to order the return of personal property he was forced to send home or destroy as a result of his corrections facility transfer. Relator alleges that the RIB violated the Ohio Adm. Code 5120-9-07 which governs prison violations hearings, and as a result that he was denied "due process".
On August 14, 2000, respondents filed their motion to dismiss alleging that this court lacked subject matter jurisdiction and that this action must first be filed in the court of claims. Respondents next argue that relator has not fulfilled the mandatory requirements of R.C. 2969.25 and that relator has failed to meet the requirements for the issuance of a writ of mandamus.
On September 7, 2000 relator filed a motion in opposition to respondents' motion to dismiss and a request for a hearing.
 STATEMENT OF FACTS
On January 7, 1983, a Hamilton County jury found relator guilty of rape and relator was sentenced to prison for an indefinite term of incarcerator of seven to twenty-five years.
On or about April 14, 2000, after an investigation by his case manager, relator, while an inmate at Lebannon Correctional Institution, was charged with threatening and extorting other inmates for sex. Relator was given a copy of the "conduct report" on April 15, 2000 and the Rules Infraction Board (RIB) held a hearing on April 18, 2000 at which time the RIB found relator guilty of a Class II rule violation, whereby relator had made threats against other inmates. The penalty imposed was thirteen days of disciplinary control, local control referral and administrative control referral. Relator appealed this penalty.
The administrative control hearing was held pursuant to Ohio Adm. Code5120-9-13 on May 2, 2000, with relator testifying in his own behalf. The administrative control hearing committee recommended transfer and relator was transferred to the Ohio State Penitentiary on June 8, 2000. This instant petition followed.
 ANALYSIS
As an initial matter, this court must address respondents' allegation that this court is without subject matter jurisdiction over relator's claims. Respondents argue that relator's action herein is directed against the reporting state official who wrote the conduct report against relator. Respondents note that actions against state officials alleging that said officer acted with malicious purpose must first be filed in the court of claims.
Respondents' allegation here is without merit. A review of relator's petition shows that the reporting official is not named in the petition. The relief requested by relator is the return of personal property and a transfer out of "super max" confinement, not an action for money or other relief from the reporting official in question. Relator's allegation here is that the RIB violated the Ohio Adm. Code in the procedure used to transfer him to a "super max" facility. The bringing of an action against a state officer to compel him to perform a duty allegedly required by law or to prevent him from taking action contrary to law does not constitute an action against the state, and such action may be brought in a court of common pleas, or where appropriate, in a court of appeals. See State exrel. Polaroid Corp. v. Denihan (1986), 35 Ohio App.3d 204, and State exrel. Mahoning County Community Corrections Assn. v. Shoemaker (1983),12 Ohio App.3d 36.
Although this court has jurisdiction to entertain relator's petition, this petition must still be dismissed. R.C. 2969.25 provides in relevant part:
 "(A) At the time an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 "(1) A brief description of the nature of the civil action or appeal;
 "(2) The case name, case number, and the court in which the civil action or appeal was brought;
 "(3) The name of each party to the civil action or appeal;
 "(4) The outcome of the civil action or appeal, including whether the court dismissed the action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Ohio Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."
It is well-settled that the strict requirements of R.C. 2969.25 are mandatory and that the listing requirement is constitutional. Jeffersonv. Ohio Adult Parole Authority (1999), 86 Ohio St.3d 304. If the mandatory requirements of R.C. 2969.25 are not followed, the complaint must be dismissed. State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285 . Relator did not file the required affidavit with his petition.
However, relator in his answer to respondents' motion to dismiss, has submitted an affidavit containing the required information outlined in R.C. 2969.25. In the case of Cornell v. Schotten (1994), 69 Ohio St.3d 466, the Ohio Supreme Court noted:
 "Appellant further contends that his memorandum in opposition to the motion to dismiss cured his failure to comply with R.C. 2725.04(D). However, R.C. 2725.04(D) explicitly requires that a copy of the cause of detention be attached to a petition for habeas corpus. We held in Bloss v. Rogers (1992), 65 Ohio St.3d 145, 602 N.E.2d 602, that failure to attach a copy of the cause of detention to a petition for habeas corpus results in the petition being fatally defective. See, also, State ex rel. Parker v. Ohio Parole Bd. (1993), 68 Ohio St.3d 23, 623 N.E.2d 37."
As in R.C. 2725.04 (Habeas Corpus) the requirements of R.C. 2969.25 as it relates to mandamus actions are mandatory and cannot be cured by a late submission.
Assuming arguendo that petitioner had survived the motion to dismiss based upon the faulty petition, he still would fail on the merits of his claims.
Relator's allegations involve the Ohio Department of Correction's Administrative Rule 5120-9-07. Relator's main allegation is that the RIB procedure was violated in that the officer who filed the charges against relator also attended the RIB hearing. Relator is in error. Rule5120-9-07(V)(1) merely states that, "the officer who wrote the conduct report need not appear before the rules infraction board," not that he cannot appear before the board. See Exhibit "B". Relator's next allegation is that he was not informed of the nature of the evidence against him. Relator is in error. Exhibit "A" submitted by relator clearly indicates that relator was notified that other inmates made allegations that relator threatened them for sex.
RIB hearings for Class II violations are governed by Ohio Adm. Code5120-9-07. Ohio Adm. Code 5120-9-07(V)(2) allows the admission of confidential statements into the record of RIB hearings, the content and source of which need not be disclosed to the alleged offender if such disclosure would create a risk of harm to the witness. See State ex rel.Rutledge v. Dept. of Rehabilitation and Corrections (Mar. 3, 2000), Trumbull App. No. 98-T-0191, unreported.
The rest of relator's allegations concern the recommendation for administrative control hearing and his assertion that the recommendation was "biased and capricious". Unsupported conclusions in a complaint are not considered admitted so as to withstand a motion to dismiss. SeeHickman v. Capots (1989), 45 Ohio St.3d 324. In this case, relator has not supported his allegations.
Finally, and determinative of relator's petition is R.C. 5120.16, titled in part "assignment to institutions," which states in relevant part:
 "If a person is sentenced, committed, or assigned for the commission of a felony to any one of the institutions or places maintained by the department or to a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse, the department, by order duly recorded and subject to division (B) of this section, may transfer the person to any other institution, or, if authorized by section 5120.161 of the Revised Code, to a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse."
Thus, the assignment of institutions by ODRC is discretionary and where a public official, in the performance of a public duty, is required to use official judgment and discretion, the exercise of them, in the absence of fraud, bad faith, or abuse of discretion, will not be controlled by mandamus. See State ex rel. Gilder v. Industrial Commissionof Ohio (1919), 100 Ohio St. 500. In this case there is no indication of fraud, bad faith or duress.
For all the reasons cited above, relator's request for writ of mandamus is denied. Respondents' motion to dismiss is granted.
Petition dismissed. Costs taxed against relator.
Final order. Clerk to serve a copy of this order on the parties as provided by the Civil Rules.
 _____________________ PER CURIAM.
Donofrio , J., concurs, Cox, J., concurs, Vukovich, J., concurs.