OPINION
{¶ 1} The plaintiff-appellant, Jerry Rable, appeals the June 27, 2002 judgment of the Common Pleas Court of Allen County, Ohio, dismissing his complaint against the defendant-appellee, the Ohio Department of Administrative Services ("ODAS").
 {¶ 2} On May 9, 2002, Rable filed a complaint against ODAS, alleging that it entered into a contract with him on March 2, 1987, whereby he accepted ODAS' offer to provide him with a monthly salary in exchange for his labor. ODAS responded to this complaint by filing a motion to dismiss on June 11, 2002. In its motion, ODAS asserted that the Common Pleas Court lacked subject-matter jurisdiction because the complaint sought monetary relief against a department of the State of Ohio, a claim that was in the exclusive jurisdiction of the Court of Claims. In addition, ODAS contended that Rable's complaint for breach of contract was barred by the statute of limitations for contract actions. The trial court agreed with ODAS on both contentions and granted its motion to dismiss on June 27, 2002. This appeal followed, and Rable now asserts three assignments of error.
 {¶ 3} The trial court erred when it opined that the trial court did not have subject matter jurisdiction to rule on the complaint violating the appellant's due process rights causing reversible error.
 {¶ 4} The trial court committed reversible error when it dismissed appellant's complaint on "statute of limitations. R.C. 2305.06 and 2305.07" violating appellant's due process rights.
 {¶ 5} The trial court committed reversible error when it opined that "This court does not have subject matter jurisdiction." When "The exclusive jurisdiction of the Court of Claims over cases in which the state is a defendant under R.C. 2743.02 does not apply where the state is a mere nominal defendant and its liability is not an issue; removal of the case from the Court of Common Pleas to the Court of Claims was improper."
 {¶ 6} As the first and third assignments of error involve the same issue regarding subject-matter jurisdiction and are dispositive of this appeal, they will be discussed together.
 {¶ 7} Lawsuits against the State of Ohio can only be brought "in such courts and in such manner, as may be provided by law." Section 16, Article I, Ohio Constitution. The Revised Code in relevant part provides: "There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code[.]" R.C. 2743.03(A)(1). The Revised Code further defines "State" for purposes of Title 27 as follows: "`State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state of Ohio." R.C. 2743.01(A). However, "`State' does not include political subdivisions." Id. ODAS is a statutorily created department of the State. See. R.C. 121.02(C). Hence, suits against ODAS are considered claims against the State pursuant to R.C. 2743.01(A).
 {¶ 8} Here, the language of the complaint alleges a cause of action for breach of contract and seeks monetary relief. "Direct actions upon contracts with the state, seeking monetary relief from the state, must be brought in the Court of Claims." State, ex rel. Mahoning Cty.Community Corrections Assoc., Inc. v. Shoemaker (1983), 12 Ohio App.3d 36,37; see, also, Manning v. Ohio State Library Bd. (1991), 62 Ohio St.3d 24,30 (holding that the Court of Claims has exclusive jurisdiction over claims for money damages made against the State of Ohio). Thus, the Common Pleas Court properly found that it lacked subject-matter jurisdiction over Rable's breach of contract claim against ODAS.
 {¶ 9} However, in his brief to this Court, Rable asserts that ODAS seized funds from him, thus making the laws of forfeiture applicable to the current situation, which do not require filing in the Court of Claims. Even assuming arguendo that this assertion was correct, Rable fails to recognize that his complaint alleges a breach of contract cause of action against the State and not a criminal forfeiture. In addition, Rable relies on an unreported case from the Eleventh District Court of Appeals to further support his argument for reversal. See C.I.R., Inc. v.Allen Concrete Contracting, Corp. (Mar. 13, 1987), Lake App. No. 11-244, 1987 WL 7915. In that case, the court held that the Court of Claims did not have jurisdiction over a suit in which the State was named as a defendant simply to restrain it from dispensing certain monies in its possession because "the State's liability was not being determined[.]"C.I.R., supra. Unlike the circumstances of C.I.R., in the case sub judice, the complaint alleges that the State is liable for breaching its alleged contract with Rable. Here, the State is not merely a nominal defendant, but rather, is the sole defendant against whom monetary damages are sought. Therefore, the Court of Claims has exclusive jurisdiction over this matter, and the first and third assignments of error are overruled.
 {¶ 10} Having determined that this matter was properly dismissed by the trial court for lack of subject-matter jurisdiction, the second assignment of error regarding the statute of limitations for contract actions is moot and accordingly overruled.
 {¶ 11} For these reasons, the judgment of the Common Pleas Court of Allen County, Ohio, is affirmed.
Judgment affirmed.
BRYANT, P.J., and CUPP, J. concur.