[Cite as *Clyde v. Village of Mantua*, 2026-Ohio-1717.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| NATHAN CLYDE | Case No. 2025-00938PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTY</u> |
| VILLAGE OF MANTUA | |
| Respondent | |

{¶1} In this public-records case, respondent partially objects to a special master's report and recommendation. Requester has filed a written response in opposition to respondent's objections. Requester has not, however, filed objections of his own to the report and recommendation. After requester filed his written response, respondent moved the court to strike requester's response for want of service and to sanction requester. Because, as discussed below, respondent's objections and subsequent motion lack merit, respondent's objections and motion shall be overruled and the special master's report and recommendation shall be adopted.

## I.    Background and Relevant Procedural History

{¶2} On November 10, 2025, pursuant to R.C. 2743.75(D), requester, a self-represented litigant, filed a complaint alleging a denial of access to public records in violation of R.C. 149.43(B).[1] After the complaint was filed, the clerk appointed a special

---

[1]    In the report and recommendation, the special master described requester's underlying public-records request and respondent's response as follows:

> On October 27, 2025, Requester Nathan Clyde submitted the public records request at issue to Respondent Village of Mantua. *Complaint, filed Nov. 11, 2025*, p.1. The request asked for:

> [C]opies of all records created or used by members of the Village Council in preparation for or during the disciplinary hearing of Police Chief Joseph Urso. Specifically, this request includes but is not limited to: 1. The 3x5 question cards distributed by Council President Steve Thorn prior to the

master. The special master referred the case to mediation and stayed filing deadlines. After mediation failed to resolve all disputed issues between the parties, the case was returned to the special master's docket where a briefing schedule for the presentation of evidence and argument was issued by the special master.

{¶3} On February 20, 2026, pursuant to Rule 22(D)(2) of this court's local rules, respondent, through counsel, moved for an order of dismissal and an award of attorney fees and expenses, because requester failed to attend two mediation sessions without excuse. Requester opposed respondent's L.C.C.R. 22(D)(2) motion.

{¶4} On March 3, 2026, respondent filed an answer to requester's complaint. That same day, without leave, respondent moved to strike requester's evidence for want of admissible evidence, moved to strike requester's evidence for want of service, and moved for a summary judgment in its favor and an award of attorney fees, costs, and expenses. On March 3, 2026, requester filed a motion for leave with an alternative request.

{¶5} On March 4, 2026, the special master issued an order wherein the special master advised the parties that, pursuant to R.C. 2743.75(A), the process for resolving public-records disputes in this forum is designed to be "expeditious" and "economical" with a streamlined litigation procedure and wherein the special master modified the schedule for filing of evidence and briefing.

{¶6} On March 4, 2026, without leave, respondent filed another motion to strike; on March 16, 2026, without leave, respondent filed a motion labeled "Consolidated Motion

---

hearing, containing questions drafted by council members; 2. Any copies or versions of those questions that were reviewed, edited, or "vetted" by Solicitor Bill Mason; 3. Any notes, annotations, or written materials collected or retained by the Council President, Solicitor, or Clerk pertaining to these question cards; 4. Any handwritten or typed notes taken by council members during the proceedings, including personal or informal notes that document council business, deliberations, or the questioning process.

*Compl.*, p. 6; *Req. Evidence, filed Feb. 27, 2026*, p. 5; *Resp. Evidence, filed Feb. 27, 2026*, p. 4 ¶ 14.

On October 29, 2025, the Village responded that the record responsive to requests 1 and 4 is "a transitory note and not a public record," and that no records responsive to requests 2 and 3 exist. *Compl.*, p. 5; *Req. Ev.,* p. 10; *Resp. Ev.*, p. 12 ¶ 19.

(Report and Recommendation, 1-2.)

For Summary Judgment, To Strike, And For An Award of Attorney Fees, Costs, and Expenses;" and, on March 30, 2026, without leave, respondent moved to strike a reply filed by requester for want of service.

{¶7} On March 31, 2026, the special master issued a report and recommendation (R&R) wherein the special master found that requester had not served a preliminary complaint to respondent as required by R.C. 149.43(C)(1). (R&R, 3.) The special master "recommend[s] that the court (1) dismiss requester's complaint pursuant to R.C. 149.43(C), (2) deny respondent's motion to dismiss for want of prosecution and related sanctions, (3) deny respondent's motion to strike, (4) deny as moot respondent's motion for summary judgment, (5) deny respondent's motion for an award of attorney fees, costs, and expenses, and (6) order requester to bear the costs of this case." (R&R, 1.)

{¶8} On April 8, 2026, respondent, through counsel, filed written objections, which, according to an accompanying certificate of service, were served on requester by "email" and "certified mail, return receipt requested."[2] On April 8, 2026, requester filed a written response in opposition, which, according to the certificate of service accompanying requester's response, was served "in accordance with the Ohio Court of Claims Rules and applicable provisions of the Ohio Rules of Civil Procedure."[3]

---

[2]     Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested."

The procedures established by the General Assembly in R.C. 2743.75(F)(2) apply to litigants represented by counsel and to litigants who are self-represented. *See Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law").

[3]     Requester's service of his response fails to comply with requirements contained in R.C. 2743.75(F)(2). Pursuant to R.C. 2743.75(F)(2), if either party timely objects, the other party "may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested."

Recently, in *White v. Ross Corr. Inst.,* 2026-Ohio-1002*, ¶ 27-28, (10th Dist.), the Tenth District Court of Appeals concluded that this court erred by considering objections that were not filed in the mandatory manner prescribed by R.C. 2743.75(F)(2) Applying the reasoning of *White* at ¶ 27-28, because requester failed to serve his response in the manner prescribed by R.C. 2743.75(F)(2), respondent's response arguably should not be considered by the court. *But see De Hart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192 (1982) (re-emphasizing that it "is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits").

{¶9} On April 14, 2026, respondent filed a "Motion To Strike The Response To The Partial Written Objection To The Special Master's Report And Recommendation And For Sanctions." Respondent asks the court to "both (1) strike the response to the partial written objection to the Special Master's report and recommendation filed by [requester] on April 8, 2026, for want of service as the same was never served upon the Village pursuant to either R.C. 2743.75(F)(2) or Civ.R. 5 and (2) sanction [requester] pursuant to Civ.R. 11 and R.C. 2323.51 for his habitual refusal to comply with the applicable service orders of this [court], civil rules, local rules, and statutory requirements."

{¶10} Respondent's objections are before the court for a final order in accordance with R.C. 2743.75(F)(2). *See* R.C. 2743.75(F)(2) (providing that "[t]he court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation"). Since R.C. 2743.75(F)(2) requires the court to issue a final order within seven business days after requester's response was filed in this matter, the court also shall consider respondent's motion to strike and request for sanctions filed on April 14, 2026, which, as discussed below, the court does not find to be well taken.[4]

## II. Law and Analysis

### A. Legal standard

{¶11} The General Assembly, as the legislative branch of Ohio government, is the ultimate arbiter of policy considerations relevant to Ohio public-records laws. *Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44. Through the enactment of R.C. 2743.75 the General Assembly created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A).

{¶12} Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. It is a

---

[4]     Because, even without a response to respondent's motion of April 14, 2026, respondent's motion is not well taken, the court concludes that requester will not suffer material prejudice if the court issues a ruling on respondent's motion of April 14, 2026, without waiting for a response from requester.

requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. *See also Cross v. Ledford*, 161 Ohio St. 469 (1954) (paragraph three of the syllabus) ("[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established"); *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 19, quoting *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16 ("[a]lthough the Public Records Act is accorded liberal construction in favor of access to public records, 'the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence'").

{¶13} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley*, the Supreme Court of Ohio held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

**B. Discussion**

{¶14} Under R.C. 2743.75(F)(2) a party's objections to a special master's report and recommendation are required to be "specific and state with particularity all grounds for the objection." Here, respondent "objects to those portions of the report and recommendation wherein the Special Master (1) recommends providing [requester] with special treatment; (2) recommends against striking the evidence and consolidated reply of [requester]; (3) recommends against dismissal and sanctions pursuant to L.C.C.R. [22];

and (4) recommends against ordering [requester] to pay all reasonable attorney fees, court costs, and expenses pursuant to Civ.R. 11, R.C. 2323.51, and R.C. 149.43(C)(6)."

{¶15} In response, requester "does not object to dismissal on the narrow procedural grounds identified," but requester "requests that any dismissal be entered **without prejudice**, as the issue identified is procedural in nature and does not reach the merits of the underlying public records dispute." (Emphasis sic.) Additionally, requester "opposes Respondent's objections seeking sanctions, attorney fees, and other punitive measures, as those requests are unsupported by the record and were already properly rejected by the Special Master."

{¶16} Upon careful consideration and independent review, the court finds that respondent's objections lack merit for several reasons. First, the special master's recommendations to which respondent objects are predicated on the ordinary application of statutory law and case law as they existed at the time of the filing of requester's complaint. Thus, the portions of the report and recommendation that respondent's objections challenge are in accord with R.C. 2743.75(F)(1). *See* R.C. 2743.75(F)(1) (requiring a special master to submit to this court a report and recommendation "based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint").

{¶17} Second, respondent's objections seemingly presume that respondent's numerous motions in this matter are permissible under the framework established by the General Assembly in R.C. 2743.75. *See generally Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44 (noting that the General Assembly is the ultimate arbiter of policy considerations relevant to Ohio public-records laws). R.C. 2743.75 "provides for 'an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records' in violation of R.C. 149.43(B)." *Kidd v. City of Wilmington*, 2026-Ohio-978, ¶ 14 (12th Dist.); *Law Office of Josh Brown, LLC v. Ohio Secy. of State*, 2025-Ohio-2130, ¶ 9 (10th Dist.). *See* R.C. 2743.75(A). To accomplish this goal, as noted by at least two Ohio appellate courts, R.C. 2743.75 "lays out a streamlined litigation procedure." *Kidd* at ¶ 14; *Law Office of Josh Brown, LLC* at ¶ 9. Here, absent leave, respondent's filing of numerous motions in this case (including the filing of a motion on April 14, 2026) is inconsistent with the streamlined litigation procedure

envisioned by the General Assembly in R.C. 2743.75, because the special master did not authorize respondent's motions that seek, among other things, sanctions and an award of attorney fees and costs. *See*, *e.g.*, R.C. 2743.75(E)(2) (providing that, except for a motion to dismiss, "[n]o further motions or pleadings shall be accepted by the clerk of the court of claims or by the special master assigned by the clerk under [R.C. 2743.75(D)(2)] unless the special master directs in writing that a further motion or pleading be filed"). The special master's recommendations to deny respondent's motion to dismiss and related motions for sanctions, deny respondent's motion to strike, deny respondent's motions for summary judgment, and deny respondent's motion for an award of attorney fees, costs, and expenses are wholly consistent with R.C. 2743.75's streamlined litigation procedure.

{¶18} Third, respondent's reliance on the Ohio Rules of Civil Procedure in support of alleged error by the special master is unpersuasive because, according to R.C. 2743.03(D), the Ohio Rules of Civil Procedure governs R.C. 2743.75's practice and procedure to the extent that the Ohio Rules of Civil Procedure are not inconsistent with R.C. 2743.75. *See* R.C. 2703.03(D) ("[t]he Rules of Civil Procedure shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with [R.C. Chapter 2743]"). Here, R.C. 2743.75 establishes a special statutory proceeding with its own procedures and remedies. *See Welsh-Huggins* at ¶ 12 ("[r]ecognizing that disputes over public-records requests can frustrate the law's essential purpose, the General Assembly enacted R.C. 2743.75(A) 'to provide for an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records' in violation of R.C. 149.43(B)"); *see also Black's Law Dictionary* (12th Ed. 2024) (defining "special proceeding" as a "proceeding involving statutory or civil remedies or rules rather than the rules or remedies ordinarily available under rules of procedure; a proceeding providing extraordinary relief"). Pursuant to R.C. 2743.03(D), if an Ohio rule of civil procedure is inconsistent with a procedure set forth in R.C. 2743.75, such a civil rule is inapplicable. Under R.C. 2743.75's statutory framework, a rule of civil procedure may, or may not, apply.

{¶19} Additionally, respondent's reliance on L.C.C.R. 4(D) in support of respondent's contention that respondent's filing of summary-judgment motions was

proper fails to persuade because this court's local rules may not supersede statutory limitations as to the filing of motions under R.C. 2743.75.  *See Eckmeyer v. Kent City School Dist. Bd. of Edn.*, 2000 Ohio App. LEXIS 5123, at *17 (11th Dist. Nov. 3, 2000) ("it is well-settled in Ohio that a local court rule is invalid if it conflicts with a state statute").

{¶20} Fourth, R.C. 2743.75 does not authorize this court to award attorney fees as a remedy to respondent in this matter.  R.C. 2743.75(F)(3) provides:

> If the court of claims determines that the public office or person responsible for the public records denied the aggrieved person access to the public records in violation of [R.C. 149.43(B)] and if no appeal from the court's final order is taken under division (G) of this section, both of the following apply:
>
> (a) The public office or the person responsible for the public records shall permit the aggrieved person to inspect or receive copies of the public records that the court requires to be disclosed in its order.
>
> (b) The aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the aggrieved person, *but shall not be entitled to recover attorney's fees, except that division (G)(2) of this section applies if an appeal is taken under division (G)(1) of this section*.

(Emphasis added.)  Pursuant to R.C. 2743.75(G)(2),

> If a court of appeals in any appeal taken under [R.C. 2743.75(G)(1)] by the public office or person responsible for the public records determines that the public office or person denied the aggrieved person access to the public records in violation of [R.C. 149.43(B)] and obviously filed the appeal with the intent to either delay compliance with the court of claims' order from which the appeal is taken for no reasonable cause or unduly harass the aggrieved person, *the court of appeals may award reasonable attorney's fees to the aggrieved person in accordance with division (C) of section 149.43 of the Revised Code*.

(Emphasis added.) R.C. 2743.75(F)(3) expressly sets forth the relief that may be awarded in R.C. 2743.75's statutory proceeding. A review of R.C. 2743.75(F)(3) fails to disclose authority for this court to award attorney fees to a respondent. And based on the court's review of R.C. 2743.75, the court finds no reference to R.C. 2323.51 (frivolous conduct in filing civil claims) or R.C. 149.43(C)(6) to support an award of attorney fees to respondent in this matter. *See generally Welsh-Huggins* at ¶ 12 (a person allegedly aggrieved by a denial of public records may file a mandamus complaint pursuant to R.C. 149.43(C)(1)(b) or a public-records complaint in this court, but the person cannot pursue both remedies); R.C. 149.43(C)(6).[5] *Compare* R.C. 2743.75(H) (providing that the powers of the court of claims prescribed in R.C. 2743.05 apply to the proceedings in this court under R.C. 2743.75); R.C. 2743.05 ("[e]xcept as stated in [R.C. 2743.63], the court of claims has the same powers to subpoena witnesses, require the production of evidence, and punish for contempt as the court of common pleas").

{¶21} Fifth, respondent's reliance on L.C.C.R. 22(D)(2) in support of his objections is unpersuasive. L.C.C.R. 22(D)(2) provides:

> If a party or an attorney fails to attend the mediation conference without being excused, the Court of Claims *may* assess the party or the attorney reasonable expenses caused by the failure, including reasonable attorney fees or all or a part of the expenses of the other party. The Court of Claims *may* also dismiss the action, strike documents filed by the offending party, or impose any other appropriate penalty.

(Emphasis added.) L.C.C.R. 22(D)(2)'s use of "may" indicates that the court has discretion to assess reasonable attorney fees, as well as discretion to dismiss an action or impose another appropriate penalty. *See Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971), paragraph one of the syllabus ("[i]n statutory construction, the word

---

[5]     R.C. 149.43(C)(6) provides:

> If the court does not issue a writ of mandamus under division (C) of this section and the court determines at that time that the bringing of the mandamus action was frivolous conduct as defined in [2323.51(A)], the court may award to the public office all court costs, expenses, and reasonable attorney's fees, as determined by the court.

*See State ex rel. Mahoning Cty. Community Corr. Asso. v. Shoemaker*, 12 Ohio App.3d 36, 37 (10th Dist.1983) (stating that the court of claims has no authority to allow writs of mandamus).

'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage"). Based on L.C.C.R. 22(D)(2)'s express language, respondent is not, as a matter of right, entitled to an award of reasonable attorney fees, dismissal of this action, striking of documents, or any other appropriate penalty based on L.C.C.R. 22(D)(2).

{¶22} Sixth, respondent's contention that the special master gave "special treatment" to requester in this case is unconvincing. It is true, as respondent notes, that under Ohio law self-represented litigants are required to follow the same procedures as litigants represented by counsel. *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10. However, it is also true that under Ohio law a court may afford some leniency to a self-represented litigant. *See, e.g.*, *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 2012-Ohio-467, ¶ 25 (10th Dist.), citing *Robb v. Smallwood*, 2005-Ohio-5863, ¶ 5 (4th Dist.) ("[i]t is true that a court may, in practice, grant a certain amount of latitude toward pro se litigants"); *Henderson v. Henderson*, 2013-Ohio-2820, ¶ 22 (11th Dist.) ("a pro se litigant is generally afforded leniency, however, there are limits to the court's leniency"). Here, the special master gave due consideration to respondent's concerns and arguments, noting:

> I do not agree that Requester's failure to appear at mediation sessions demonstrates bad faith or frivolous conduct. Requester informed the court that he was unable to meaningfully participate in a mediation conference because of a mental health condition related to his military service. *Req. Reply,* p. 5; *see also Req. Memo. Contra*, *filed Feb. 24, 2026*. Requester acknowledges that he should have notified the court of his need for accommodation. *Id*.1 While this conduct caused the Village to appear for a mediation conference that did not proceed, I do not find that it rises to the level of sanctionable conduct within the meaning of Civil Rule 11, R.C. 2323.51, or Local Rule 22.

(R&R, 5.) And, with respect to a motion to strike filed by requester, the special master stated: "Because the Village is not prejudiced by consideration of Requester's evidence filing, I recommend that the court deny the Village's motion to strike."

{¶23} Such recommendations by the special master are consistent with the Supreme Court of Ohio's view that "a fundamental tenet of judicial review in Ohio [is] that courts should decide cases on the merits,". *De Hart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192 (1982), as well as the Supreme Court of Ohio's view that R.C. 2743.75 "offers a forum for those who are schooled in the law as well as those who are not." *Welsh-Huggins*,2020-Ohio-5371 at ¶ 12. Such recommendations by the special master also are consistent with judicial discretion. *See Krupp v. Poor*, 24 Ohio St.2d 123 (1970), paragraph two of the syllabus (holding that judicial discretion "is the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case"); *AAAA Ents. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990) ("[a] decision is unreasonable if there is no sound reasoning process that would support that decision").

{¶24} Accordingly, for reasons discussed above, the court holds that respondent's objections lack merit.

## III.    Disposition

{¶25} After careful consideration and independent review, the court OVERRULES respondent's Partial Written Objections To The Special Master's Report and Recommendation" filed on April 8, 2026, ADOPTS the special master's report and recommendation issued on March 31, 2026, and DISMISSES requester's complaint without prejudice.[6] In accordance with the special master's recommendations the court DENIES

1)    Respondent's "Loc.R. 22(D)(2) Motion To Dismiss And Award Attorney Fees And Expenses To Respondent" filed on February 20, 2026;

2)    Respondent's "Motion To Strike The Evidence Of Requestor For Want of Service" filed on March 3, 2026;

---

[6]    *Accord Elhadj Alpha Mahmoud Souare v. Ohio Dept. of Dev. Disabilities*, Ct. of Cl. No. 2025-00966PQ (Mar. 10, 2026) (dismissing a public-records complaint without prejudice for failing to transmit a preliminary complaint under R.C. 149.43(C)(1)).

3)      Respondent's "Motion To Strike The Evidence Of Requestor For Want of Admissible Evidence" filed on March 3, 2026;

4)      Respondent's "Motion For Summary Judgment And An Award of Attorney Fees, Costs, And Expenses In Favor Of The Village" filed on March 3, 2026;

5)      Respondent's "Motion To Strike 'The Request For Leave To File Oppositions To Respondent's Post-Response Motions; And In The Alternative, Request For Direction That No Response Is Required' For Want Of Service And Motion For Sanctions" filed on March 4, 2026;

6)      Respondent's "Consolidated Motion For Summary Judgment, To Strike, And For An Award of Attorney Fees, Costs, And Expenses In Favor Of The Village" filed on March 16, 2026; and

7)      Respondent's "Motion To Strike The Reply To The Consolidated Filing Of The Village For Want Of Service" filed on March 30, 2026.

The court also DENIES Respondent's "Motion To Strike The Response To The Partial Written Objection To The Special Master's Report And Recommendation And For Sanctions" filed on April 14, 2026. [7]  Court costs are assessed against requester.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
LISA L. SADLER
Judge

**Filed April 15, 2026**
**Sent to S.C. Reporter 5/11/26**

---

[7]      This court's denial of respondent's motions to strike for lack of service should not be construed to mean that a party is excused from a requirement to serve documents in public-records cases in accordance with Civ.R. 5 and R.C. 2743.75, as applicable.  In this instance, since respondent moved to strike based on a lack of service, it is manifest that respondent had notice of the filings that respondent has asked to be stricken and, consequently, respondent suffered no material prejudice.