[Cite as *Cincinnati Enquirer v. Butler Cty. Sheriff's Office*, 2025-Ohio-4621.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| THE CINCINNATI ENQUIRER, A DIVISION OF GP MEDIA, INC., | : | CASE NO. CA2025-05-054 |
| | : | |
| Appellee, | : | OPINION AND JUDGMENT ENTRY 10/6/2025 |
| vs. | : | |
| BUTLER COUNTY SHERIFF'S OFFICE, | : | |
| | : | |
| Appellant. | : | |
| | : | |

APPEAL FROM OHIO COURT OF CLAIMS
Case No. 2024-00906PQ

Faruki PLL, and John C. Greiner and Griffin R. Reyelts, for appellee.

Fishel Downey Albrecht & Riepenhoff LLC, and Daniel T. Downey, and Logan Kaim, for appellant.

# **O P I N I O N**

**PIPER, J.**

{¶ 1}  Appellant, Butler County Sheriff's Office ("BCSO"), appeals the decision of

the Court of Claims adopting a special master's report and recommendation in favor of

appellee, The Cincinnati Enquirer, a Division of GP Media, Inc. ("Enquirer"), ordering it to create and provide to the Enquirer a call log setting forth a list of the telephone calls made by George "Billy" Wagner III ("Wagner") during the nearly six years in which he was an inmate incarcerated at the Butler County Jail awaiting trial.[1] For the reasons outlined below, we reverse the Court of Claims' decision.

## Facts and Procedural History

{¶ 2} The BCSO operates the Butler County Jail located in Hamilton, Butler County, Ohio. Individuals incarcerated at the Butler County Jail may make outgoing telephone calls on phones that are provided to them by a third-party vendor. This same third-party vendor also stores and maintains certain details related to those calls. A record setting forth a list of those calls—a record similar to what is commonly referred to as a "call log"—may be generated by that third-party vendor and provided to BCSO. But this occurs only if BCSO has reason to request the creation of such a log or obtain copies of the calls themselves from that third-party vendor. BCSO never requested such a log, or copies of the calls themselves, from the third-party vendor with respect to Wagner. It is therefore undisputed that there is no record currently in existence that sets forth a list of calls Wagner made while an inmate incarcerated at the Butler County Jail.

{¶ 3} On November 26, 2024, the Enquirer made a public records request to BCSO for the nonexistent call log setting forth a list of calls that Wagner made during the nearly six years in which he was an inmate incarcerated at the Butler County Jail.[2] The Enquirer made this request pursuant to Ohio's Public Records Act as codified in R.C.

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

2. The record indicates Wagner was incarcerated in the Butler County Jail from November 18, 2018, to September 13, 2024, awaiting trial on, among other charges, eight counts of aggravated murder involving the 2016 murders of eight members of the Rhoden family in Pike County, Ohio.

149.43. BCSO responded to the Enquirer's request on December 11, 2024, stating, in pertinent part, that it "would have no records responsive to your request" because "[i]nmate phone calls are not a record under R.C. 149.011, as they do not serve to document the organization, function, policies, decisions, procedures, operations or other activities" of the BCSO. [3]

{¶ 4} On December 26, 2024, the Enquirer filed a complaint with the Court of Claims alleging BCSO was "wrongfully withholding" it from accessing the requested call log.[4] The Court of Claims appointed a special master to handle the case who, after referring the matter to mediation which proved unsuccessful,[5] ordered the parties to provide additional information in support of their respective positions.[6]

{¶ 5} On March 19, 2025, the Enquirer provided the special master with additional evidence in support of the complaint it had filed with the Court of Claims on December 26, 2024. Shortly thereafter, on March 28, 2025, BCSO submitted to the special master a response in opposition to the Enquirer's complaint. Within that filing, BCSO argued that it had acted properly by not producing and providing the Enquirer with the requested call log because (1) the requested call log is not a "record" as defined by R.C. 149.011(G) given that such a log does not serve "to document the organization, functions, policies, decisions, procedures, operations, or other activities" of the BCSO; and (2) the requested

---

3. The Enquirer also made a public records request to BCSO for information regarding the policies it had in place at the Butler County Jail with respect to its "restrictions on who can make calls, of how long, [and] at what times." There is no dispute that BCSO provided this record to the Enquirer as requested. This is in addition to BCSO providing the Enquirer with a record of Wagner's "visitation logs" that evidenced the dates and times in which he was visited by his attorney.

4. Pursuant to R.C. 2743.75(A), and except for a court that hears a mandamus action pursuant to R.C. 149.43, the Court of Claims is the "sole and exclusive authority" that adjudicates or resolves complaints alleging a denial of access to public records in violation of R.C. 149.43(B).

5. The special master made this referral pursuant to R.C. 2743.75(E)(1).

6. The special master made this request pursuant to R.C. 2743.75(E)(2).

call log does not presently exist given that BCSO had never requested, received, or possessed such a log from the third-party vendor that oversees the calls made by individuals incarcerated at the Butler County Jail.[7] The Enquirer replied to BCSO's response on April 8, 2025.

{¶ 6} On April 11, 2025, the special master issued a report and recommendation that recommended the Court of Claims issue an order requiring the BCSO to create and provide the requested call log to the Enquirer.[8] The special master did this upon finding BCSO's two arguments invalid because (1) the requested call log is a "record" as defined by R.C. 149.011(G) as it documents BCSO's compliance with its legal obligation to provide individuals incarcerated at the Butler County Jail with "access to inmate telephone services" as required by R.C. 341.01 and Adm.Code 5120:1-8-06(G); and (2) the "quasi-agency doctrine" applied to the requested call log, thereby mandating the BCSO to "work with the private entity that handles inmate telephone calls [for the Butler County Jail] to obtain the log."

{¶ 7} On April 17, 2025, BCSO filed an objection to the special master's report and recommendation. The Enquirer responded to BCSO's objection on April 23, 2025. The Court of Claims issued a decision and entry denying BCSO's objection and adopting the special master's report and recommendation on May 2, 2025.[9] In so doing, the Court of Claims found the special master had correctly determined and properly decided the

---

7. BCSO presented a third argument alleging the requested call log was exempted from disclosure as a public record and must be keep confidential pursuant to R.C. 5120.21. BCSO has since abandoned this argument.

8. The special master issued his report and recommendation to the Court of Claims pursuant to R.C. 2743.75(F)(1).

9. BCSO's objection to the special master's report and recommendation, the Enquirer's response to the BCSO's objection, and the Court of Claims' decision and entry adopting the special master's report and recommendation were all made pursuant to R.C. 2743.75(F)(2).

issues as it related to each of BCSO's two arguments. The following month, on June 3, 2025, BCSO filed a notice of appeal.[10] This court heard oral argument on BCSO's appeal on September 2, 2025, following which BCSO's appeal was submitted to this court for consideration. BCSO's appeal now properly before this court for decision, BCSO has raised one assignment of error for review.[11]

## BCSO's Single Assignment of Error

{¶ 8} THE TRIAL COURT ERRED IN ITS ADOPTION OF THE SPECIAL MASTER'S REPORT AND RECOMMENDATION ON THE BASIS THAT THE REQUESTED DOCUMENT(S) EXISTS AND IS A PUBLIC RECORD.

{¶ 9} In its single assignment of error, BCSO argues the Court of Claims erred by adopting the special master's report and recommendation ordering it to create and provide to the Enquirer a call log setting forth a list of calls that Wagner made during the nearly six years in which he was an inmate incarcerated at the Butler County Jail awaiting trial. We agree.

## Standard of Review

{¶ 10} This public-records-access appeal was filed by BCSO pursuant to R.C. 2743.75(G)(1). Appeals of this nature involve mixed questions of law and fact. "Whether a particular record is by statute exempt from disclosure as a public record fundamentally presents an issue of law," whereas "the application of the statutory exemption will necessarily depend on its factual application to the record in question." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office,* 2020-Ohio-5371, ¶ 37. "When an issue presents such

---

10. BCSO's notice of appeal from the decision and entry issued by the Court of Claims adopting the special master's report and recommendation was made pursuant to R.C. 2743.75(G)(1).

11. This court has given BCSO's appeal precedence over other pending matters to ensure that this court issued its decision promptly as required by R.C. 2743.75(G)(1).

a mixed question of law and fact, a reviewing court will independently review the legal question de novo but will defer to the trial court's underlying factual findings, reviewing them only for clear error." *Id.*

{¶ 11} "De novo means that this court uses the same standard that the trial court should have used." *W. Environmental Corp. of Ohio v. Hardy Diagnostics*, 2024-Ohio-3051, ¶ 23 (12th Dist.). A "clear error" occurs where a finding of fact is not supported by some competent, credible evidence. *See Ohio Power Co. v. Burns*, 2024-Ohio-3364, ¶ 23 (4th Dist.). Therefore, when a public-records-access appeal is filed pursuant to R.C. 2743.75(G)(1), such as the case here, we independently review the disputed record and associated evidence to ascertain whether the record is statutorily exempt from disclosure as a public record while at the same time according due deference to the Court of Claims' factual determinations as it relates to the record in question. *See Hicks v. Union Twp. Clermont Cty. Bd. of Trustees*, 2024-Ohio-5449, ¶ 12.

**Ohio's Public Records Act Only Applies to "Public Records"**

{¶ 12} Ohio's Public Record Act, codified in R.C. 149.43, provides that upon request a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). The term "public record" is generally defined by R.C. 149.43(A)(1) to mean any "records" that are kept by a public office.[12] R.C. 149.011(G) defines "records" as

> any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures,

---

12. R.C. 149.011(A) defines the term "public office" to include "any state agency, public institution, political subdivision, or other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government." There is no dispute that BCSO is a "public office" as that term is defined by R.C. 149.011(A). *See State ex rel. Brown v. Columbiana Cty. Jail*, 2024-Ohio-4969, ¶ 12.

operations, or other activities of the office.

{¶ 13} Therefore, to constitute a "record" as defined by R.C. 149.011(G), what is being requested must satisfy three requirements. It must be a (1) document, device, or item, (2) created or received by, or coming under the jurisdiction of, a public office, that (3) serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of that office. *See State ex rel. Dispatch Printing Co. v. Johnson*, 2005-Ohio-4384, ¶ 19. The party making the request bears the burden of proving by clear and convincing evidence each of these three requirements. *Hicks*, 2024-Ohio-5449, at ¶ 15. Failure to do so will bar the requesting party from accessing the requested material because the material being requested is not subject to disclosure as a "public record" under Ohio's Public Records Act. *Dispatch Printing*; *see also State ex rel. Beacon Journal Publishing Co. v. Bond*, 2002-Ohio-7117, ¶ 9 ("[t]o the extent that an item does not serve to document the activities of a public office, it is not a public record and need not be disclosed").

**BCSO's Arguments and Analysis**

{¶ 14} BCSO initially argues the Court of Claims erred by finding the requested call log constituted a "record" as that term is defined by R.C. 149.011(G) because no such record currently exists. To support this claim, BCSO argues that because it never requested, received, or possessed any "recordings or call logs" with respect to Wagner that "no such log would have been created or maintained" by the third-party vendor that oversees the calls being made by individuals incarcerated at the Butler County Jail. Therefore, because the requested call log does not exist, and because the law plainly establishes that it was not required to create a new record in order to respond to the Enquirer's request, *see State ex rel. Fant v. Mengel*, 62 Ohio St.3d 197 (1991), the BCSO argues the Court of Claims erred by finding the "quasi-agency doctrine" applied to the

requested call log, thereby mandating the BCSO to "work with the private entity that handles inmate telephone calls [for the Butler County Jail] to obtain the log."

{¶ 15} BCSO also argues the requested call log is not a "record" as defined by R.C. 149.011(G) because, even if the requested call log did exist, which the BCSO claims it does not, such a log does not serve to document "the organization, functions, policies, decisions, procedures, operations, or other activities of" the BCSO. We agree with the BCSO's argument. We do so without offering any opinion as it relates to BCSO's initial argument alleging the Court of Claims erred by finding the "quasi-agency doctrine" applied to the requested call log. That is to say, without offering any opinion as to whether the "quasi-agency doctrine" applies to the case at bar, we agree with BCSO's argument alleging the Court of Claims erred by finding the requested call log, assuming such a log exists, served to document "the organization, functions, policies, decisions, procedures, operations, or other activities of" the BCSO so as to constitute a "record" as defined by R.C. 149.011(G).

{¶ 16} The Court of Claims found the requested call log served to document "the organization, functions, policies, decisions, procedures, operations, or other activities of" the BCSO. We disagree. This is because, rather than serving to document "the organization, functions, policies, decisions, procedures, operations, or other activities of" the BCSO, the requested call log, were it created, would merely serve to document Wagner's own activities during the nearly six years in which he was an inmate incarcerated at the Butler County Jail. That Wagner may have used the phone while he was incarcerated at the Butler County Jail would not document "the organization, functions, policies, decisions, procedures, operations, or other activities" of the BCSO. It would serve only to document what Wagner himself may have done, or not done, during the nearly six years in which he was incarcerated at the Butler County Jail. Again, where

the item being requested does not serve to document the activities of a public office, it is not a public record and need not be disclosed. *State ex rel. Beacon Journal Publishing Co.*, 2002-Ohio-7117, at ¶ 9. To the extent the Enquirer argues otherwise, such an argument lacks merit.

{¶ 17} We reach this decision by expressly rejecting the Court of Claims' finding the requested call log served to document whether BCSO had adhered to its statutory obligation requiring it to give Wagner "access to telephone services" while he was an inmate incarcerated within the Butler County Jail pursuant to R.C. 341.01 and Adm.Code 5120:1-8-06(G). Whether BCSO was performing in accordance with its statutory obligation requiring it to give Wagner access to telephone services while he was an inmate incarcerated at the Butler County Jail was plainly established by the policy that BCSO had in place with respect to its restrictions on who could make calls, for how long, and at what times. Such a policy, which the parties do not dispute was provided to the Enquirer by the BCSO in response to the Enquirer's public records request, clearly constitutes a "record" as defined by R.C. 149.011(G) given that it serves to document "the organization, functions, policies, decisions, procedures, operations, or other activities of" the BCSO.

{¶ 18} A call log setting forth a list of phone calls that Wagner made during the nearly six years in which he was an inmate incarcerated at the Butler County Jail awaiting trial does not. That is instead a request by the Enquirer for the BCSO to provide it with *information* rather than with any specific *record* then in existence. A request for information, as opposed to a request for a record, is not a proper public records request under Ohio's Public Records Act. *State ex rel. Morgan v. New Lexington*, 2006-Ohio-6365, ¶ 30 ("Requests for information and requests that require the records custodian to create a new record by searching for selected information are improper requests under

R.C. 149.43."); *see, e.g., State ex rel. Barr v. Wesson*, 2023-Ohio-3028, ¶ 27 (a "request for 'a list' of cross-gender employees" is an improper request for information under Ohio's Public Records Act given that such a request did not pertain to any specific record then in existence). Again, to the extent the Enquirer argues otherwise, such an argument lacks merit.

## Conclusion

{¶ 19} For the reasons outlined above, and finding merit to BCSO's single assignment of error, we reverse the Court of Claims' decision to adopt a special master's report and recommendation ordering the BCSO to create and provide to the Enquirer a call log setting forth a list of calls that Wagner made during the nearly six years in which he was an inmate incarcerated at the Butler County Jail awaiting trial. This is because, as explained more fully above, the requested call log does not serve to document "the organization, functions, policies, decisions, procedures, operations, or other activities of" the BCSO. The creation of such a log serves only to document Wagner's own activities. Wagner's activities while an inmate incarcerated at the Butler County Jail are not equivalent to the activities of the BCSO.

{¶ 20} In so holding, we find it important to note why the Ohio Supreme Court's recent decision in *State ex rel. Teagarden v. Igwe*, 2024-Ohio-5772, was not addressed within this court's analysis. This is because, not only did the parties not cite *Teagarden* as authority within their respective briefs, the *Teagarden* decision involved distinguishable facts from the case at bar. In *Teagarden*, unlike in this case, a prison inmate made a public records request to the prison library staff seeking copies of the library's "sign in / log sheet" that library staff required inmates to sign when requesting use of the library's computer terminals. Library staff refused the inmate's request, arguing that "although the library staff may have had access to the requested record, they were not the particular

officials charged with a duty to oversee public records or respond to public-records requests." *Id.* at ¶ 15.

{¶ 21} Upon the librarians' refusal, the inmate sought a writ of mandamus ordering the librarians to provide him with copies of the requested sign-in sheets. The Ohio Supreme Court granted the inmate's request upon finding the computer-terminals sign-in sheet documented "an activity within the library." *Id.* at ¶ 16. This established the sign-in sheets as public records under R.C. 149.011(G) for which the librarians were responsible. *Id.* A sign-in sheet, created, in existence, and used by library staff to control computer usage, documented the actual functions, operations, and activities of the prison library. On the other hand, a call log that is kept by a third-party vendor and not used by a sheriff's office in its organization, functions, policies, decisions, procedures, operations, or other activities is not a public record as defined by R.C. 149.011(G).

{¶ 22} We also find it important to note that it is not dispositive here that another sheriff's office located in a different county may have provided the Enquirer with a call log setting forth a list of calls that Wagner made while an inmate incarcerated in that county's jail. This is because, as previously noted by the Ohio Attorney General, Ohio's Public Records Act "does not expressly prohibit the disclosure of items that are excluded from the definition of public records, but merely provides that their disclosure is not mandated." 2000 Ohio Atty.Gen.Ops. No. 021; *see, e.g., Narciso v. Powell Police Dept.*, 2018-Ohio-4590, ¶ 67, fn. 21 (Ct. of Cl.) (that "confidential law enforcement investigatory records" are exempt from the definition of "public record" set forth under R.C. 149.43(A)(1) "establishes only a *discretionary* exception to the Public Records Act, and does not *prohibit* release of [such] records"). Therefore, because Ohio's Public Record Act applies to public records, which the requested call log is not, the BCSO's appeal challenging the Court of Claims' decision is sustained.

{¶ 23} Judgment reversed.

BYRNE, P.J., and SIEBERT, J., concur.

---

# J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, reversed.

It is further ordered that a mandate be sent to the Ohio Court of Claims for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Melena S. Siebert, Judge