[Cite as *Kidd v. Wilmington*, 2026-Ohio-978.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| QUINTIN KOGER KIDD, | : | CASE NO. CA2025-11-042 |
| Appellant, | : | |
| vs. | : | OPINION AND JUDGMENT ENTRY 3/23/2026 |
| CITY OF WILMINGTON, | : | |
| Appellee. | : | |
| | : | |

CIVIL APPEAL FROM OHIO COURT OF CLAIMS
Case Nos. 2025-00516PQ, 521PQ, 619PQ, 644PQ, 645PQ, 646PQ, 648PQ

Quintin Koger Kidd, pro se.

Isaac Wiles Burkholder & Miller, LLC, and Scott O. Sheets and Jeffrey A. Stankunas, , for appellee.

## **O P I N I O N**

**M. POWELL, J.**

{¶ 1}  Appellant, Quintin Koger Kidd, appeals a decision of the Court of Claims adopting a special master's recommendation for dismissal in favor of appellee, the City of Wilmington, Ohio (the "City"), dismissing Koger Kidd's public-records-access complaints with prejudice, and striking his objections to the special master's

recommendation for dismissal.[1]

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} As Police Executive of Administrative Services and the records custodian for the City, Ronald Fithen handles public-records requests for the City. Between April 1, 2025, and August 1, 2025, Koger Kidd made approximately 390 public-records requests to Fithen. As an example, Koger Kidd's April 25, 2025 request asked for documents concerning (1) all investigative and administrative records regarding a law enforcement officer, (2) all types of correspondence between the City Human Resources Department and seven individuals, (3) all complaints filed against any City employees since January 1, 2025, (4) job postings for the positions of Police Chief and Human Resources Director, (5) all records pertaining to the replacement of the City Law Director, and (6) the privilege log for any withheld records.

{¶ 3} Unhappy with the City's responses, Koger Kidd filed 16 public-records-access complaints in the Court of Claims in the spring of 2025 pursuant to R.C. 2743.75, alleging denial of access to public records in violation of R.C. 149.43. Specifically, Koger Kidd filed one complaint on May 27, 2025, one complaint the following day, ten complaints on June 30, 2025, and four complaints on July 7, 2025. The Court of Claims dismissed nine of the complaints as duplicative, leaving seven complaints remaining for adjudication (the "Complaints").

{¶ 4} The matter was referred to a special master pursuant to R.C. 2743.75(D)(2). On July 11, 2025, the special master ordered the parties to provide argument and evidence regarding whether the Complaints were subject to dismissal pursuant to the principles discussed in *Schaffer v. Sheets*, 2025-Ohio-1007 (Ct. of Cl.). The City filed its

---

1. Notwithstanding the absence of a hyphen in his last name, the record shows that appellant's last name is Koger Kidd, and not simply Kidd.

arguments and evidence on August 11, 2025, and Koger Kidd filed his on September 11, 2025.

{¶ 5} The City's evidence included Fithen's affidavit which averred that (1) between April 1, 2025, and August 1, 2025, Koger Kidd sent the City 436 emails, 390 of which were public-records requests, (2) on June 11, 2025, Koger Kidd made 48 duplicative requests for public records the City had previously provided with redactions for attorney-client privilege material; (3) Koger Kidd submitted 20 separate identical requests for certain records on July 1, 2025, and (4) Koger Kidd filed 16 public-records-access complaints against the City in the Court of Claims. Fithen's affidavit further detailed the burdensome, time-consuming, and disruptive nature of Koger Kidd's repeated and voluminous public-records requests. Koger Kidd's evidence included his own affidavit as well as several exhibits. The affidavit did not address Fithen's affidavit and averred, inter alia, that it "was executed to verify the authenticity and accuracy of all exhibits submitted in support of my filings in these consolidated or related actions"; and that all exhibits were obtained either directly from the City through public-records requests under R.C. 149.43 or "from public-domain sources (including whistleblower disclosures)," or were his own records.

{¶ 6} On September 16, 2025, the special master consolidated the Complaints pursuant to Civ.R. 42 on the ground they involved common issues of law and fact. On September 19, 2025, the special master issued a recommendation for dismissal recommending that the Complaints be dismissed pursuant to R.C. 2743.75(D)(2) and *Schaffer*. The special master found that the excessive number, frequency, and duplicative nature of Koger Kidd's public-records requests and enforcement actions suggested he was abusing the public-records laws which had been recognized as a ground for dismissal by the Court of Claims in *Schaffer*. The special master also recommended that

the City's motion to strike attachments to four of the Complaints be granted. The special master found that the attachments–unredacted attorney-fee billing statements from the City's legal counsel detailing the legal services rendered and obtained by Koger Kidd from a whistleblower–were violative of the attorney-client privilege. Koger Kidd filed objections to the special master's recommendation for dismissal, citing R.C. 2743.75(F)(2).

{¶ 7} On October 20, 2025, the Court of Claims issued a judgment entry dismissing the Complaints with prejudice, striking Koger Kidd's objections to the special master's recommendation for dismissal, and granting the City's motion to strike the attorney-client privileged materials obtained by Koger Kidd from a whistleblower and attached to four of the Complaints. Relying upon the principles set forth in *Schaffer*, the Court of Claims found that the City's "unrebutted evidence of [Koger Kidd's] voluminous, spasmodic, and duplicative requests and enforcement actions fully support the conclusion that [he] has abused the public records law, which, in turn, fully supports the dismissals of the Complaints in the consolidated cases under R.C. 2743.75(D)(2)."

{¶ 8} Koger Kidd now appeals, pro se, raising six assignments of error. For ease of discussion, his first, fifth, and sixth assignments of error will be addressed together.

## II. ANALYSIS

{¶ 9} Assignment of Error No. 1:

THE COURT ERRED IN DISMISSING APPELLANT'S COMPLAINTS UNDER R.C. 2743.75(D)(2) BECAUSE EACH COMPLAINT STATED A VALID CLAIM FOR RELIEF.

{¶ 10} Assignment of Error No. 5:

THE COURT FAILED TO ADJUDICATE EACH COMPLAINT ON ITS MERITS, IN VIOLATION OF R.C. 2743.75(F)(3), BY RELYING ON AGGREGATED FILINGS AND GENERALIZED CONCLUSIONS RATHER THAN CONDUCTING A CASE-SPECIFIC MERITS REVIEW.

{¶ 11} Assignment of Error No. 6:

THE COURT'S DISMISSAL WAS ARBITRARY, CAPRICIOUS, AND AN ABUSE OF DISCRETION BECAUSE IT APPLIED EXTRA-STATUTORY STANDARDS AND CREATED A DE FACTO VEXATIOUS-REQUESTER DOCTRINE WHILE EXPRESSLY DECLINING TO RELY ON THE VEXATIOUS-LITIGATOR STATUTE.

**A. Standard of Review**

{¶ 12} This public-records-access appeal was filed by Koger Kidd pursuant to R.C. 2743.75(G)(1). Appeals of this nature involve mixed questions of law and fact. *Cincinnati Enquirer v. Butler Cty. Sheriff's Office*, 2025-Ohio-4621, ¶ 10 (12th Dist.). "Whether a particular record is by statute exempt from disclosure as a public record fundamentally presents an issue of law," whereas "the application of the statutory exemption will necessarily depend on its factual application to the record in question." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 37. Therefore, in the specific context of public-records-access appeals filed pursuant to R.C. 2743.75(G)(1), "a reviewing court will independently review the legal question de novo but will defer to the Court of Claims' underlying factual findings, reviewing them only for clear error." *Id.* at ¶ 37, 39; *Cincinnati Enquirer* at ¶ 11. "De novo means that this court uses the same standard that the trial court should have used." *Cincinnati Enquirer* at ¶ 11. A "clear error" occurs where a finding of fact is not supported by some competent, credible evidence. *Id.*

{¶ 13} "Any appeal from a final order of the Court of Claims under R.C. 2743.75 shall be taken to the court of appeals of the appellate district where the principal place of business of the public office from which the public record is requested is located." *Welsh-Huggins* at ¶ 18. As required by R.C. 2743.75(G)(1), this court has given Koger Kidd's appeal precedence over other pending matters to ensure that this court issued its decision promptly. *Id.*; *Cincinnati Enquirer* at ¶ 7, fn. 11

**B. Public-Records-Access Actions under R.C. 2743.75**

{¶ 14} Since the 2016 enactment of R.C. 2743.75, a person allegedly aggrieved by a denial of access to public records in violation of R.C. 149.43(B) may now file either a mandamus complaint pursuant to R.C. 149.43(C)(1)(b) or a public-records-access complaint in the Court of Claims pursuant to R.C. 2743.75. *Welsh-Huggins*, 2020-Ohio-5371, at ¶ 12. Thus, R.C. 2743.75 created an alternative means to resolve public-records disputes in the Court of Claims. *Law Office of Josh Brown, L.L.C. v. Ohio Secy. of State*, 2025-Ohio-2130, ¶ 9 (10th Dist.). The statute provides for "an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records" in violation of R.C. 149.43(B). *See* R.C. 2743.75(A). "To accomplish this goal, the statute lays out a streamlined litigation procedure that requires the requester file a form created by the Court of Claims as a complaint, with records of the request and any response attached," and the immediate assignment of a special master to examine the complaint. *Law Office of Josh Brown* at ¶ 9; R.C. 2743.75(C)(2).

{¶ 15} R.C. 2743.75(D)(2) provides that once a special master is assigned, "[n]otwithstanding any provision to the contrary in [R.C. 2743.75], upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time." R.C. 2743.75(F)(1) provides that no later than seven business days after receiving the response or a motion to dismiss the complaint from the public office or person responsible for public records, "the special master shall submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint." Thus, R.C. 2743.75 differentiates between a special master's recommendation for dismissal— *see* R.C. 2753.75(D)(2)——and a special master's report and recommendation—*see* R.C. 2743.75(F)(1).

## C. The *Schaffer* Case

{¶ 16} In recommending dismissal of Koger Kidd's Complaints and in dismissing them, both the special master and the Court of Claims relied upon *Schaffer*. The case involved a requester who, in 2024, made more than 1,000 public-records requests to a university and brought more than 40 cases against the university or its counsel. *Schaffer* dismissed multiple pending public-records requests under R.C. 2743.75(D)(2), finding that the requester was abusing the public-records law. In doing so, *Schaffer* construed R.C. 2743.75(D)(2) as giving the Court of Claims broad "discretion to dismiss cases that would thwart R.C. 2743.75's purpose of quickly and efficiently resolving public records disputes." *Schaffer*, 2025-Ohio-1007, at ¶ 7-8 (Ct. of Cl.). Based upon a survey of Connecticut public-records law and the federal Freedom of Information Act ("FOIA"), which both provide for a specialized review followed by a controlling judicial decision, *Schaffer* identified several factors suggesting a requester was abusing public-records law, to wit, (1) the number of public-records requests, including whether they were multi-part requests, (2) the number of enforcement actions, (3) the frequency with which public-records requests are made and enforcement actions are filed, (4) whether the requests or enforcement actions are duplicative of prior requests and enforcement actions, and (5) whether the requester had engaged in personal attacks upon the responding officials or others involved in the public-records process. *Id.* at ¶ 11-26. We note that Ohio courts have relied on persuasive, albeit not controlling, precedents from other jurisdictions when addressing public-records issues. *See State ex rel. McCleary v. Roberts*, 2000-Ohio-345 (looking to a United States Supreme Court decision addressing FOIA, the "federal counterpart to R.C. Chapter 149"), and *State ex rel. Oriana House, Inc. v. Montgomery*, 2006-Ohio-4854, ¶ 21-22 (looking to state courts decisions in Connecticut, Oregon, Maine, and Tennessee in determining what constitutes an agency or public office for purposes of public-records acts).

- 7 -

{¶ 17} Koger Kidd's first, fifth, and sixth assignments of error challenge the Court of Claims' dismissal of his Complaints, raising several issues for review. Specifically, Koger Kidd asserts that (1) dismissal under R.C. 2743.75(D)(2) is subject to the same standards as Civ.R. 12(B)(6), (2) the Court of Claims erred in finding that the City's assertions were "unrebutted" despite the memoranda and argument he had submitted, (3) the Court of Claims failed to adjudicate each complaint on its merits in violation of R.C. 2743.75(F), (4) the Court of Claims instead improperly dismissed the complaints based upon *Schaffer* and factors not recognized by R.C. 2743.75—the excessive number, frequency, and duplicative nature of public-records requests and enforcement actions, and (5) the Court of Claims abused its discretion in dismissing the Complaints without first affording him the procedural protections set forth in R.C. 2323.52 for vexatious litigators.

### D. Dismissal of Koger Kidd's Public-Records-Access Complaints under R.C. 2743.75(D)(2)

{¶ 18} Under his first issue for review, Koger Kidd asserts that a dismissal under R.C. 2743.75(D)(2) is subject to "the same standards as Civ.R. 12(B)(6)." R.C. 2743.03(D) generally provides that the Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter." A Civ.R. 12(B)(6) motion to dismiss challenges a complaint's failure to state a claim upon which relief can be granted. R.C. 2743.75 sets forth special statutory proceedings for resolving public-records disputes in the Court of Claims, and pursuant to R.C. 2743.75(D)(2), allows the Court of Claims to dismiss a complaint "at any time," without regard to whether the complaint states a claim upon which relief can be granted. Hence, the Court of Claims' authority to dismiss a requester's complaint under R.C. 2743.75(D)(2) is much broader and much less circumscribed than a Civ.R. 12(B)(6)

dismissal. In this sense, Civ.R. 12(B)(6) is "inconsistent with" and therefore inapplicable to dismissals under R.C. 2743.75(D)(2). Koger Kidd's first issue for review lacks merit.

{¶ 19} Under his second issue for review, Koger Kidd argues the Court of Claims erred in finding that the City's assertions were "unrebutted" despite the memoranda, evidence, and argument he submitted. However, the unrebutted assertions of the City are those found in Fithen's affidavit which averred the number, frequency, and duplicative nature of Koger Kidd's public-records requests and enforcement actions, and upon which the Court of Claims relied in finding that Koger Kidd was abusing the public-records laws as a basis for dismissal of his Complaints. As stated above, Koger Kidd's own affidavit did not address Fithen's affidavit and simply averred, inter alia, that it "was executed to verify the authenticity and accuracy of all exhibits submitted in support of my filings in these consolidated or related actions"; and that all exhibits were obtained either directly from the City through public-records requests under R.C. 149.43 or "from public-domain sources (including whistleblower disclosures)," or were his own records. The City's assertions were therefore unrebutted. Koger Kidd's second issue for review lacks merit.

{¶ 20} In his third and fourth issues for review, Koger Kidd challenges the Court of Claims' dismissal of his Complaints, arguing that the court failed to adjudicate each complaint on its merits in violation of R.C. 2743.75(F)(3), and instead improperly dismissed the complaints based upon *Schaffer* and factors not recognized by R.C. 2743.75—the excessive number, frequency, and duplicative nature of public-records requests and enforcement actions.

{¶ 21} At the outset, we note that contrary to Koger Kidd's assertion, neither R.C. 2743.75(F) generally nor R.C. 2743.75(F)(3) specifically provide that the Court of Claims "shall determine the case on the merits." R.C. 2743.75(F)(1) and (2) govern a special master's report and recommendation, allows parties to file written objections to such a

report and recommendation, and provides that within seven business days after a response to an objection is filed, the Court of Claims "shall issue a final order that adopts, modifies, or rejects the report and recommendation." R.C. 2743.75(F)(3) applies only when the Court of Claims "determines that the public office or person responsible for the public records denied the aggrieved person access to the public records in violation of [R.C. 149.43(B)] and if no appeal from the court's final order is taken under [R.C. 2743.(G)]." As stated above, R.C. 2743.75 differentiates between a special master's recommendation for dismissal under R.C. 2753.75(D)(2) and a special master's report and recommendation under R.C. 2743.75(F)(1). Here, following the special master's recommendation for dismissal, the Court of Claims dismissed the Complaints pursuant to R.C. 2743.75(D)(2). R.C. 2743.75(F) is therefore not applicable here.

{¶ 22} Consistent with the General Assembly's intention to create "an expeditious and economical procedure" to resolve disputes alleging a denial of access to public records in violation of R.C. 149.43(B), R.C. 2743.75(A) provides the Court of Claims authority to adjudicate or resolve public-records-access complaints. In enacting R.C. 2743.75, the General Assembly recognized that not all cases should be adjudicated under the statute. For example, R.C. 2743.75(C)(2) requires the Court of Claims to dismiss a complaint without prejudice and direct the requester to file a mandamus action if the court determines that the complaint constitutes a case of first impression that involves an issue of substantial public interest.

{¶ 23} Likewise, R.C. 2743.75(D)(2) provides, "Notwithstanding any provision to the contrary in [R.C. 2743.75], upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time." A "'notwithstanding' clause signals the drafter's intention that the provisions of the 'notwithstanding' section overrides conflicting provisions of any other section." *Ohio Neighborhood Fin., Inc. v.*

*Scott*, 2014-Ohio-2440, ¶ 35. "The precedence afforded a 'notwithstanding' clause is effective regardless of whether that clause predates the conflicting provision." *Id.* Thus, the "notwithstanding" clause indicates the General Assembly's intention that R.C. 2743.75(D)(2) takes precedence over any contrary provision in R.C. 2743.75 purporting to limit the Court of Claims' authority to dismiss a complaint at any time. In other words, the Court of Claims' authority to dismiss a complaint under R.C. 2743.75(D)(2) is not circumscribed by any of the other provisions of R.C. 2743.75.

{¶ 24} Through R.C. 2743.75(D)(2), the General Assembly has authorized a special master to recommend dismissal of a public-records-access complaint brought under R.C. 2743.75. *Meros v. Office of Ohio Atty. Gen. Yost*, 2023-Ohio-1861, ¶ 7 (Ct. of Cl.); *Thompson v. Cuyahoga Cty. Sheriff's Dept.*, 2018-Ohio-1577, ¶ 7 (Ct. of Cl.). In turn, upon the special master's recommendation, the Court of Claims may dismiss the complaint at any time. The discretion granted by R.C. 2743.75(D)(2) to the Court of Claims is broad. Its authority to dismiss a complaint at any time is not tethered to any enumerated factors and does not require the court to consider the merits of the complaint. Stated otherwise, in enacting R.C. 2743.75, the General Assembly placed no substantive or procedural limitations on the Court of Claims' authority to dismiss a complaint pursuant to R.C. 2743.75(D)(2), entrusting such dismissal to the court's sound discretion. Such discretion includes relying upon the principles identified and articulated in *Schaffer*.

{¶ 25} We need not address the parameters of the Court of Claims' discretion to dismiss a complaint under R.C. 2743.75(D)(2). The Court of Claims dismissed the Complaints because it found that Koger Kidd was abusing the public-record laws based upon the number, frequency, and duplicative nature of his public-records requests to the City and the enforcement actions he has filed. Koger Kidd did not and does not rebut the factual basis of the finding of abuse below, and the record supports it. The Court of

Claims, therefore, did not err in dismissing the Complaints.

{¶ 26} In his fifth issue for review, Koger Kidd argues the Court of Claims abused its discretion in dismissing his Complaints without first affording him the procedural protections set forth in R.C. 2323.52 for vexatious litigators. This issue for review lacks merit. First, R.C. 2743.75(D)(2) does not provide, much less require, a hearing for dismissal of a complaint. On the contrary, the statute permits the Court of Claims to dismiss the complaint "at any time." Nonetheless, as stated above, Koger Kidd availed himself of the opportunity to submit arguments and evidence on the matter when in response to the special master's order, he provided his argument and evidence on September 11, 2025. Second, a R.C. 2743.75(D)(2) dismissal does not prevent the requester from instituting an action for a writ of mandamus pursuant to R.C. 149.43. Third, a R.C. 2743.75(D)(2) dismissal does not subject the requester to any of the disabilities subject to being found a vexatious litigator.

{¶ 27} In light of the foregoing, Koger Kidd's first, fifth, and sixth assignments of error are overruled.

### E. Koger Kidd's Objections to the Special Master's Recommendation for Dismissal

{¶ 28} Assignment of Error No. 2:

THE COURT VIOLATED DUE PROCESS BY STRIKING APPELLANT'S OBJECTION, IGNORING HIS FILED MEMORANDA, AND TREATING THE CITY'S ASSERTIONS AS "UNREBUTTED."

{¶ 29} Koger Kidd argues he was denied due process by the Court of Claims striking his objections to the special master's recommendation for dismissal, thereby depriving him of a meaningful opportunity to have his arguments considered.

{¶ 30} Whereas R.C. 2743.75(F)(2) expressly permits either party to object to a special master's report and recommendation, R.C. 2743.75(D)(2) does not provide for

objections to a special master's recommendation for dismissal.[2] "Courts must give effect to the words of a statute and may not modify an unambiguous statute by deleting words used or inserting words not used." *State v. Waddell*, 1995-Ohio-31, ¶ 7. "Simply stated, 'an unambiguous statute means what it says.'" *Id.* Had the General Assembly intended R.C. 2743.75 to provide for objections to a special master's recommendation for dismissal, it could have done so by inserting appropriate language in R.C. 2743.75(D)(2). It did not.

{¶ 31} Furthermore, that Koger Kidd may not be allowed to object to a special master's recommendation for dismissal under R.C. 2943.75(D)(2) is not a denial of due process. Koger Kidd had no constitutionally protected interest in being able to object to such recommendation for dismissal; he was accorded procedural due process in that the special master gave notice of his intent to consider dismissal under R.C. 2943.75(D)(2) and afforded the parties to be heard by submitting arguments and evidence on the issue; and he availed himself of the opportunity to do so.

{¶ 32} Koger Kidd's second assignment of error is overruled.

### F. Consolidation of Koger Kidd's Seven Public-Records-Access Complaints

{¶ 33} Assignment of Error No. 3:

> THE COURT IMPROPERLY CONSOLIDATED SEVEN UNRELATED CASES FOR "PURPOSES OF DISMISSAL CONSIDERATION" WITHOUT NOTICE OR OPPORTUNITY TO OBJECT, AND IN A MANNER THAT ELIMINATED THE INDIVIDUALIZED MERITS REVIEW REQUIRED BY R.C. 2743.75(F)(3).

---

2. R.C. 2743.75(F)(2) provides that after the special master's report and recommendation is submitted to the Court of Claims under R.C. 2743.75(F)(1), "[e]ither party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested." By contrast, R.C. 2743.75(D)(2) simply provides, "Notwithstanding any provision to the contrary in this section, upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time. The allegedly aggrieved person may voluntarily dismiss the complaint filed by that person under division (D)(1) of this section."

{¶ 34} By order issued on September 16, 2025, the special master consolidated the Complaints "pursuant to Civ.R. 42 because they involve common issues of law and fact. Although the cases have been consolidated, each case shall remain separate and distinct. All subsequent pleadings and submissions shall bear the case numbers of all seven cases and shall be filed in all seven cases." On appeal, Koger Kidd challenges the special master's consolidation of the Complaints, arguing that R.C. 2743.75 does not provide for consolidation of complaints, and that his Complaints did not share common issues of law and fact, but rather, each involved different types of records, different timeframes, and different conduct by the City.

{¶ 35} Civ.R. 42(A)(1)(b) provides a trial court with the discretion to consolidate pending cases that involve a common question of law or fact. The decision to consolidate pending cases is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Connor & Murphy, Ltd. v. Applewood Village Homeowners' Assn.*, 2009-Ohio-1447, ¶ 101 (12th Dist.). An abuse of discretion occurs when the consolidation order is unreasonable, arbitrary, or unconscionable. *Id.* In addition, the Ohio Supreme Court has held that "the management of cases lies within the discretion of the court, and not with the parties so long as the rights of the parties are adequately protected." *Dir. of Highways v. Kleines*, 38 Ohio St.2d 317, 320 (1974). We note that Koger Kidd never sought to set aside the consolidation order or otherwise challenged it below.

{¶ 36} Koger Kidd's argument misapprehends the issue to which common issues of law and fact apply. Koger Kidd's argument is based upon the merits of the Complaints. However, the special master's reference to common issues of law and fact did not relate to the merits of the Complaints but rather to whether Koger Kidd had abused the public-records laws as to support dismissal of the Complaints. The special master had authority

- 14 -

to consolidate the Complaints for purposes of determining whether they were subject to dismissal based upon Koger Kidd's conduct of abusing the public-record laws. Therefore, the special master did not err or abuse his discretion in consolidating the Complaints.

{¶ 37} Koger Kidd's third assignment of error is overruled.

### G. Invoices from the City's Legal Counsel Stricken from some of Koger Kidd's Complaints

{¶ 38} Assignment of Error No. 4:

THE COURT ERRED BY RESTRICTING PUBLIC ACCESS TO APPELLANT'S FILINGS UNDER SUP.R. 45(E) WITHOUT IDENTIFYING SPECIFIC CONTENT, WITHOUT APPLYING THE REQUIRED BALANCING TEST, AND BASED ON ALLEGATIONS NEVER ADJUDICATED.

{¶ 39} The record shows that Koger Kidd's public-records requests included requests to the City's legal counsel for its itemized attorney-fee billing statements from January 2024 to April 2025. The City ultimately provided Koger Kidd 16 months of redacted attorney-fee billing statements, advising Koger Kidd that the redactions to the narrative portions of the billing statements were based upon attorney-client privilege. Subsequently, Koger Kidd obtained attorney-fee billing statements from a whistleblower (the "Invoices") and attached them, unredacted, to his public-records complaints in Case Nos. 2025-00644PQ, 2025-00645PQ, 2025-00646PQ, and 2025-00648PQ. The City moved to strike the Invoices attached to the four complaints, stating that portions of an attorney's invoice to his client describing the work performed are protected by the attorney-client privilege. The special master recommended that the Court of Claims grant the City's motion to strike.

{¶ 40} In its October 20, 2025 judgment entry, and upon independent review, the Court of Claims found the special master's recommendation well taken and granted the City's motion to strike. Specifically, "pursuant to Sup.R. 45(E)(2)," the Court of Claims

found

> by clear and convincing evidence that the presumption of allowing public access to certain materials identified by the Special Master regarding [the City's] motions to strike is outweighed by state and common law that exempts matters subject to attorney-client privilege from public access, and the Court further finds that public policy is served by restricting public access to the following materials: *Complaint* in Ct. of Cl. No. 2025-00644PQ, pp. 4-5, 17; *Complaint* in Ct. of Cl. No. 2025-00645PQ, pp. 4-5, 17; *Complaint* in Ct. of Cl. No. 2025-00646PQ, pp. 4-5, 17 *Complaint* in Ct. of Cl. No. 2025-00648PQ, p. 14.

{¶ 41} On appeal, Koger Kidd argues that the Court of Claims erred in granting the City's motion to strike the Invoices from four of his Complaints. Koger Kidd also asserts that the Court of Claims improperly restricted access to his filings, "including entire complaints in multiple cases," based upon its finding that the unredacted Invoices were protected by attorney-client privilege.

{¶ 42} Courts are to construe R.C. 149.43, Ohio's Public Records Act, liberally in favor of broad access and resolve any doubt in favor of disclosure of public records. *State ex rel. Pietrangelo v. Avon Lake*, 2016-Ohio-2974, ¶ 8. "Any exception to disclosure under the Public Records Act is strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception." *Id.* at ¶ 9. R.C. 149.43(A)(1)(v) excludes "[r]ecords the release of which is prohibited by state or federal law" from the definition of "public record." "The attorney-client privilege, which covers records of communications between attorneys and their government clients pertaining to the attorneys' legal advice, is a state law prohibiting release of those records." *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 2011-Ohio-6009, ¶ 27. "[T]he narrative portions of itemized attorney-fee billing statements containing descriptions of legal services performed by counsel are protected by the attorney-client privilege." *Pietrangelo* at ¶ 10. "Other information on the billing statements—e.g., the general title of the matter

being handled, the dates the services were performed, and the hours, rate, and money charged for the services—is considered nonexempt and must be disclosed." *Id.*

{¶ 43} As the record shows, the City initially provided Koger Kidd 16 months of redacted attorney-fee billings statements, advising him that the redactions to the narrative portions of the billing statements were based upon attorney-client privilege. Unsatisfied with the City's response, Koger Kidd obtained unredacted Invoices from a whistleblower and attached them to four of his Complaints. Koger Kidd's assertion in pleadings below that the attached unredacted Invoices were "disclosed by a City whistleblower" plainly shows that they were taken from the City without the City's consent—or knowledge—and that they were unlawfully obtained by Koger Kidd. Because the unredacted Invoices were not provided to Koger Kidd by the City in response to a public-records request and because the narrative portion of the Invoices was protected by the attorney-client privilege, the Court of Claims did not err in ordering that these records be stricken.

{¶ 44} Koger Kidd also claims that in granting the City's motion to strike, the Court of Claims improperly restricted access to his filings, "including entire complaints in multiple cases." A review of the Court of Claims' judgment entry above, though inartfully drafted, suggests at first blush that the court did not restrict public access to the Complaints, but rather, restricted public access to the unredacted Invoices Koger Kidd attached to four of the Complaints. However, the City's brief correctly states that "the Court of Claims online docket does not allow public electronic access to the complaints in Case Nos. 2025-00644PQ, 2025-00645PQ, 2025-00646PQ, and 2025-00648PQ."

{¶ 45} Sup.R. 45(E)(2) provides that a court "shall restrict public access to information in a case document or, if necessary, the entire document, if it finds by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest" after considering whether public policy is served by restricting public

access, whether any state, federal, or common law exempts the document or information from public access, and whether factors that support restriction of public access exist. "When restricting public access to a case document or information in a case document pursuant to this division, the court shall use the least restrictive means available." Sup.R. 45(E)(3).

{¶ 46} In effectuating its granting of the motion to strike, the Court of Claims applied Sup. R. 45(E)(2) to restrict public access to the Invoices Koger Kidd improperly filed with several of his Complaints, and properly found that the presumption of allowing public access is outweighed by the public policy underlying the attorney-client privilege. To provide a remedy related to the grant of the motion to strike, the Court of Claims ordered the Clerk to restrict public access to the documents "in the least restrictive means authorized by Sup.R. 45(E)." Absent evidence to the contrary, we presume that restricting public access to the four Complaints is the least restrictive way the Clerk could restrict public access to the privileged billing statements since it is impossible to undo Koger Kidd's exposure of attorney-client privileged documents that were part of the Complaints. Neither the Court of Claims nor the Clerk should be in the position of redacting attorney-client privileged documents that were taken and filed without the City's permission. As a reminder, Koger Kidd was provided with redacted attorney-fee billing statements from the City, but unsatisfied with the City's responses, chose to accept unredacted Invoices from a whistleblower and attach them to the four complaints, thereby resulting in the Court of Claims granting the City's motion to strike. That public electronic access to four of the Complaints is no longer available is a direct result of Koger Kidd's actions.

{¶ 47} In light of the foregoing, Koger Kidd's fourth assignment of error is overruled.

### III. CONCLUSION

{¶ 48} The Court of Claims did not err in dismissing Koger Kidd's public-records-

access complaints with prejudice and striking his objections to the special master's recommendation for dismissal.

{¶ 49} Judgment affirmed.

HENDRICKSON, P.J., and SIEBERT, J., concur.

---

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Ohio Court of Claims for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge